Lin, Appellant, *v.* Reid, Appellee.

(Nos. 82AP-1095 and 83AP-171—Decided November 17, 1983.)

*Mr. Daniel J. Igoe* and *Mr. Norman Resnick,* for appellant Charles Lin.

*Messrs. Matan, Rinehart & Smith* and *Mr. James D. Colner,* for appellee Thomas A. Reid.

Hofstetter, J. Plaintiff commenced his action in the Small Claims Division of the Franklin County Municipal Court. The court gave proper notice to the defendant that trial of the claim would be heard on July 24, 1980. The case continued at plaintiff's request for the reason he would be in Taiwan until August 7, 1980. The new hearing date was set for August 21, 1980.

On August 12, an answer and counterclaim were filed. The counterclaim exceeded the jurisdictional limits of the municipal court and defendant's motion to certify the case to the court of common pleas was granted on September 22, 1980.

Plaintiff did not reply to the counterclaim which asked for $150,000 compensatory damages, and $50,000 punitive damages.

On October 21, 1980, defendant filed a motion for default judgment with the certificate of service noting that plaintiff had been notified thereof by ordinary mail.

Defendant was awarded default judgment on the question of liability only. The court set the matter for hearing on damages for January 8, 1981. On January 12, 1981, defendant was awarded judgment of $5,000 on his counterclaim. Although having been sent notice of the hearing by ordinary mail, plaintiff was not present for either of the above hearings.

On March 13, 1981, plaintiff filed a motion for relief from judgment and for leave to file a reply premised on the following affidavit:

"Charles Lin, being first duly cautioned and sworn, says that he is the Plaintiff in the foregoing action; that he filed a small claims action without benefit of counsel; that on the 19th day of February, 1981, Affiant was contacted by Franklin County Deputy Sheriff, B.E. Griffith, and at that time he first became aware that a counter-claim had been filed against him and that a judgment was rendered against him; that Affiant never received any documents relative to the counter-claim nor the application for default judgment; that Affiant is retained as a consultant to the City of Columbus and the Columbus Area Chamber of Commerce and has in that capacity travelled out of the country to Taiwan on two occasions in 1980, the first in July, 1980, and the second in October, 1980; that Affiant makes this Affidavit in support of a Motion to Vacate and to Enjoin Enforcement of Defendant's Judgment; that Affiant has valid defenses to defendant's counter-claim and the facts and defenses set forth in Plaintiff's Reply attached to the Motion are true and incorporated herein by reference."

A hearing on the motion to vacate was held before a referee on April 22, 1981. The referee's report, in pertinent part said:

"The evidence showed that, although several notices were sent by ordinary mail to the Plaintiff of Defendant's counter-claim, the Plaintiff did not receive notice of it. The Plaintiff testified that ten (10) persons live in the same house as he and that problems had existed in the past with apparently lost mail. He has since obtained a postal box. The Plaintiff appeared credible and this Referee finds that no notice of the counterclaim reached him until he was notified by the sheriff's deputy that judgment had been rendered against him.

"The Plaintiff demonstrated a defense to the counterclaim could be presented and the Motion was timely.

"It is recommended that Plaintiff's

Motion to Vacate Judgment, pursuant to Civil Rule 60(B), be sustained."

Defendant filed objections to the referee's report. The court found the objections well-taken and overruled the motion to vacate.

The two matters now on appeal were consolidated by this court on motion of plaintiff and by agreement of the parties.

Case No. 82AP-1095 is an appeal from the entry filed January 12, 1981, sustaining defendant's counterclaim, and awarding defendant default judgment against plaintiff, and from a judgment *nunc pro tunc* filed on December 6, 1982, and from a decision and journal entry filed January 4, 1982, overruling plaintiff's motion to vacate default judgment.

The January 12, 1981 entry reads as follows:

"This cause came on to be heard on January 8, 1981 on the issue of damages sustained by the defendant Thomas A. Reid, relative to his counterclaim against plaintiff.

"Defendant was present and represented by counsel and plaintiff Charles Lin did not appear, although he was duly notified of the within hearing. Based upon the testimony of defendant and Professor Robert Canzoneri and other evidence presented by the defendant, the Court finds that defendant has been damaged in the sum of Five Thousand Dollars ($5,000.00) and,

"IT IS HEREBY ORDERED, that judgment be entered against plaintiff Charles Lin in favor of defendant Thomas A. Reid, in the sum of Five Thousand ($5,000.00), plus 8% interest and the plaintiff shall pay the Court costs."

The last paragraph of the *nunc pro tunc* entry modifies the above as follows:

"IT IS HEREBY ORDERED, that judgment be entered against the plaintiff, Charles Lin, in favor of defendant, Thomas A. Reid, in the sum of Five Thousand Dollars ($5,000.00) plus eight percent (8%) interest per annum, as of January 21, 1981, and that plaintiff shall

pay the Court costs, and there is no just reason for delay."

It is apparent from the originals that both entries were prepared and approved by defendant's counsel.

Case No. 83AP-171 is from the entry of the trial court dated February 22, 1983, reading as follows:

"This cause came on to be heard at an oral hearing on February 8, 1983 on plaintiff's motion to amend his complaint filed on or about November 23, 1982, and plaintiff's three-branch motion filed January 12, 1983, to vacate the judgment entry of January 12, 1981 in favor of defendant for relief from the nunc pro tunc judgment entered on December 6, 1982 in favor of defendant and for reconsideration of the court's nunc pro tunc judgment entry of December 6, 1983 [*sic*].

"Based upon the memoranda and argument of counsel, the court hereby overrules plaintiff's motion to amend his complaint and also overrules plaintiff's three-branch motion to vacate for relief from judgment and for reconsideration, and there is no just reason for delay."

Plaintiff has assigned six errors, as follows:

"I.   The plaintiff-appellant has been unconstitutionally deprived of due process of law, due to the lack of minimum safeguards of adequate notice, upon removal of the case from small claims court and upon default judgment on a counterclaim seeking damages in excess of the small claims court jurisdiction.

"II.   The trial court erred by abusing its discretion in not granting the plaintiff-appellant's motion to vacate the default judgment.

"III.   The judgment of the trial court is void due to absence of *in personam* jurisdiction over appellant.

"IV.   The trial court erred in entering a *nunc pro tunc* entry reiterating the original default judgment and including the words 'there is no just reason for delay.'

"V.   The trial court erred in overrul-

ing plaintiff-appellant's three-branch motion filed January 12, 1983.

"VI.   The trial court erred in overruling plaintiff-appellant's motion to amend the complaint."

Before proceeding further, it must be noted, by way of background and clarification, that the earlier default judgment for defendant on his counterclaim was appealed by plaintiff under *Lin* v. *Reid* (Aug. 31, 1982), Franklin App. No. 82AP-101, unreported, on February 4, 1982. That appeal was dismissed *sua sponte* by this court for not being timely filed. Upon reconsideration, however, this court held an additional reason for dismissal was that the order on appeal was not a final appealable order. It follows, of course, that if the order appealed from was not an appealable order, the appeal was actually premature and subject to dismissal.

The first assignment of error is that plaintiff has been unconstitutionally deprived of due process of law. From our review of the record herein, this was never raised in the trial court. It is axiomatic in the law that alleged errors of the trial court, not brought to the trial court's attention at a time when such errors could have been avoided or corrected by the court, need not be considered by an appellate court. See *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98], paragraph one of the syllabus.

We are unable to find any part of the record requesting the trial court to address the constitutional question of due process. This assignment of error is, therefore, without merit.

As to the second assignment of error, plaintiff, on two occasions, moved to vacate default judgment. The first occasion was on March 13, 1981, after judgment had been granted to defendant on his counterclaim but while the original complaint of plaintiff was still pending. To the extent that the judgment on the counterclaim was not appealable as a final order at that time, it follows, consistent

with Civ. R. 54(B), that the overruling of the motion to vacate an interlocutory order also did not meet the requirements of finality of Civ. R. 54(B). Thus, not until the *nunc pro tunc* entry, as to the counterclaim, was refiled with the language "there is no just reason for delay," did the time for appeal of the overruling of the original motion to vacate commence. The notice of appeal as to the case denominated as case No. 82AP-1095 is, therefore, timely as to the March 13, 1981 motion for relief from judgment which was overruled on January 4, 1982, but, which did not, as noted earlier, become effective as an appealable order until the date of the *nunc pro tunc* entry on December 6, 1982.

Plaintiff has supplied this court with the transcript of the proceedings heard by the referee on which the referee's report was predicated. It is apparent the trial court did not have the benefit of that transcript at the time it acceded to defendant's objections to the referee's report and found the objections well-taken, thus overruling plaintiff's motion to set aside the default judgment.

The issue in the motion to vacate was whether default judgment should have been granted to defendant when the affidavit and motion for relief from judgment were premised on allegations that plaintiff had *never* received any documents relative either to the counterclaim or the application for default judgment.

The record of the court shows notice to plaintiff by ordinary mail, both by the court and by the certificate of service of the defendant. This normally would be construed as indicating that actual service had been received by plaintiff. However, as noted in the Staff Note pertinent to Civ. R. 5(D), the comment is made that, inasmuch as service of the copy of the paper is complete upon delivery or posting in the mail, "* * * the burden is on the opposite party to show that he did not receive a copy of the paper."

According to the transcript of the hearing on the original motion to vacate, the evidence showed that plaintiff lived with ten students in a rooming house, all of whom received the mail from one mail box. It was clearly established, without contradiction by anyone, that plaintiff had actually not received any mailed notices. He was not aware of the default on the $200,000 counterclaim until a policeman came to the rooming house to advise plaintiff of a judgment against him. Within the purpose and meaning of Civ. R. 5(D), especially as explained by the Staff Note, it is clear from the transcript of the hearing that plaintiff had not received the mail service, and that the vacation of the default judgment, on that basis alone, should have been granted.

More importantly, however, was plaintiff's argument that, under R.C. 1925.05 concerning notice and service as to small claims, he had no reason to anticipate the filing of a counterclaim as even an answer is unnecessary. The notice provided to defendant by the court after the complaint was filed, simply related the nature of the claim to defendant and advised him of the date of hearing. Further, and perhaps most importantly of all, defendant's counterclaim should not have been filed in the small claims division. R.C. 1925.02(A)(2) states: "[a] small claims division does not have jurisdiction in libel, slander, replevin, malicious prosecution, and abuse of process actions * * *." The counterclaim, sounding in libel and slander, was filed in a division of the court totally without jurisdiction. Thus, no libel or slander action, even within the monetary limits of the small claims division, could lawfully be heard there. Civ. R. 13(J), relied on by defendant as the basis for his motion to certify the matter to the court of common pleas, as well as the trial court's actual reason for certification, was erroneously used. That rule states: "In the event that a counterclaim * * * exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of

common pleas." It is apparent from the motion to certify that defendant was relying on the monetary amount in excess of the small claims court jurisdiction of $1,500 (R.C. 1925.02[B] ).

Our understanding of the term "exceeding" the jurisdiction of a court, when couched in monetary terms, is substantially different than that created by filing an action in a court that is totally without jurisdiction. The parties to an action cannot waive the jurisdiction of the court as to subject matter. We conclude that a complaint or counterclaim based on libel or slander in a court without jurisdiction of the subject matter is properly subject only to a motion to dismiss and not to a motion to certify. If the small claims division is totally without jurisdiction, it is without authority to take jurisdiction for the purpose of certification. It must simply dismiss for lack of jurisdiction.

To the extent, therefore, that the small claims division of the municipal court could not properly certify a matter to a court with jurisdiction because of its own lack of jurisdiction, the action as to the libel and slander had to be commenced in a court that has the jurisdiction to hear that type of action. The commencement of a libel or slander action in the proper court requires the same service of process under the Civil Rules as is necessary in any other civil action. Thus, as in the instant case, not only should the counterclaim have been dismissed in the small claims division, but, by doing so, the complaint itself, at that time, should have been retained in the small claims division, at least so far as the reasoning given for certification was concerned.

For the reasons noted, we hold the court of common pleas abused its discretion in not granting plaintiff's motion to vacate the default judgment. Thus, the second assignment of error is well-taken.

For the reasons noted with regard to the second assignment of error, the third assignment of error is also well-taken.

As to the fourth assignment of error, again, the reasoning expressed for the second assignment of error is dispositive of the assignment. The original default judgment, having been erroneously granted, was not cured by making it final. This assignment of error too, therefore, is well-taken.

The fifth assignment of error states, as noted earlier, that the trial court erred in overruling plaintiff's three-branch motion filed January 12, 1983.

Branch one sought relief from judgment by vacation of the *nunc pro tunc* judgment entry which rendered final a previous order by the addition of the words "there is no just reason for delay." For the reasons noted in our response to the second, third and fourth assignments of error, and assuming, *arguendo*, that by this juncture, the failure of earlier service of process requirements necessary to the commencement of the action in the court of common pleas was *now* waived by the appearance of the parties, the trial court clearly erred in overruling branch one of the motion to vacate.

For branch two, plaintiff says the trial court erred in overruling his motion for reconsideration of its original order overruling plaintiff's motion to vacate the original default judgment entered January 12, 1981.

In paragraph one of the syllabus of *Pitts* v. *Dept. of Transp.* (1981), 67 Ohio St. 2d 378 [21 O.O.3d 238], the court stated:

"The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court."

That decision is controlling as to final orders.

We noted earlier, however, in our discussion of the second assignment of error that, to the extent the judgment herein on the counterclaim (by default) was not initially a final appealable order, the overruling of the motion to vacate therefor was also interlocutory and not final. It not being a final order, *Pitts*, *supra*, has no applicability. It follows, therefore, that the trial court erred in overruling plaintiff's motion to vacate the

default judgment entered January 12, 1981, for reasons already noted.

As to branch three of the motion before the trial court, we need not address the merits of whether the entry of the *nunc pro tunc* order was procedurally correct. If the due process rights of plaintiff, in the original entry of default and award of damages, were violated as we have held, then the addition of the magic words "there is no just reason for delay" added to the *nunc pro tunc* entry does not rectify the due process violation. Thus, as to branch three also, the trial court erred prejudicially.

To reiterate, the sixth assignment of error states the trial court erred in overruling plaintiff's motion to amend the complaint.

We noted earlier that the small claims division was without statutory authority to accept jurisdiction of the counterclaim sounding in libel and slander. It had authority only to dismiss the counterclaim and then should have retained the original complaint. It did not do so, however, and there has been no assignment that the small claims division erred in certifying the original complaint to the court of common pleas.

In the interim, the parties to the action made appearances, not only in the court of common pleas, but in the court of appeals as well. The original appeal was dismissed for lack of a final order. Thus, at the time the motion to amend the complaint was filed, the parties had, by their actions, effectively entered their appearances. In light of our holding that the earlier default judgment should have been vacated, and that *no* effective counterclaim exists, because of lack of notice, we hold the trial court, after dismissal of the first appeal, erred in overruling plaintiff's motion to amend the complaint. Civ. R. 15(A) states a party may amend his pleading once as a matter of course before a responsive pleading is served. As no effective counterclaim was served in a court *that had jurisdiction to do so,* plaintiff should have been allowed to amend his complaint.

For reasons noted, the judgments on appeal are reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgments reversed*
*and cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.