OPINION
Appellants Joseph and Donna Fowler appeal a judgment of the Stark County Common Pleas Court vacating their default judgment against appellee Hill Dales Owners Association:
ASSIGNMENTS OF ERRORS
 THE COURT BELOW ERRED, TO THE PREJUDICE OF THE FOWLERS, WHEN IT RULED IN ITS JULY 14, 1998 JUDGMENT ENTRY THAT THE DEFAULT JUDGMENT SHOULD BE VACATED.
 THE TRIAL COURT VIOLATED THE FOWLERS' DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS, TO THEIR PREJUDICE.
Appellants filed the instant action against appellee in the Stark County Common Pleas Court, alleging slander of title, and breach of fiduciary duty or conspiracy. Appellants specifically alleged that appellee improperly enforced illegal deed restrictions against them concerning the sale of their residence located within the Hills and Dales Allotment. Appellants argued they were damaged by the diminution in value of the residence, and incurred additional expenses during the extra time it took them to sell the residence.
Appellants directed the clerk of courts to serve the summons and complaint upon appellee by mailing the same via certified mail to "Hills and Dales Owners Association, in care of Edward Jones, 250 Peoples Merchants Bank Building, Canton, Ohio 44702." Unbeknownst to appellants, Jones passed away approximately nine months before the filing of the instant action, and was therefore no longer in a position to act as statutory agent for appellees. Appellee had taken no action to replace Jones as statutory agent following his death.
When service upon Jones failed, appellants directed the clerk to serve the summons and complaint upon the Ohio Secretary of State pursuant to R.C. 1702.06(H).
Appellees failed to answer the complaint. On March 24, 1998, appellants filed a motion for default judgment. On April 6, default judgment was entered against appellee. The court awarded damages in the amount of $120,640.
Appellee learned of the lawsuit when a newspaper article regarding the entry of default judgment and award of damages appeared in the Canton Repository. In response, appellee filed a Civ. R. 60 (B) motion to vacate the judgment on May 12, 1998. Following a hearing, the court granted the Civ. R. 60 (B) motion and vacated the default judgment.
 I
Appellants argue that the court abused its discretion by granting the Civ. R. 60 (B) motion for relief from judgment.
To prevail on a motion for relief from judgment pursuant to Civ. R. 60 (B), the movant must establish three requirements: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1) through (5); (3) the motion is made within a reasonable time. G.T.E. Automatic Electric v. A.R.C.Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The decision as to whether to grant relief from judgment is entrusted to the sound discretion of trial court, and the ruling will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77. The term abuse of discretion means more than simple error of law or judgment; it connotes conduct which is unreasonable, arbitrary or unconscionable. E.g. State ex rel. Edwards v. ToledoCity School District (1995), 72 Ohio St.3d 106, 107.
Appellants first argue that the court erred in granting a hearing on appellee's motion to vacate. Appellants argue that appellee did not submit sufficient evidence of a meritorious defense to require the court hold an evidentiary hearing. In a similar argument, appellants argue that the court erred in concluding that appellee presented sufficient evidence of a meritorious defense to allow the court to grant the motion to vacate.
The requirement of a meritorious defense is met by the filing of an answer that contains an affirmative defense, or facts sufficient to support the claim of a valid defense. MorganAdhesives v. Sonicor Instrument (1995), 107 Ohio App.3d 327, 334. A Civ. R. 60 (B) motion need not establish that the movant would ultimately prevail on the defense; it only must allege a defense which, if proven, would constitute a partial or complete defense to the claim alleged. Id.
In the instant case, appellee filed an answer along with its Civ. R. 60 (B) motion, which alleged a variety of defenses. Specifically, appellees argued to the court that the deed restrictions appellants claim prevented them from obtaining full value for their home were subject to more than one interpretation. The argument was primarily a legal argument, rather than factual argument, and it was within the discretion of the court to determine whether appellee's argument possessed enough validity to constitute a potentially meritorious defense. The court specifically found that appellee presented a good legal argument as to whether appellants had sufficient grounds to support their argument that the deed restrictions prevented them from having individuals stay in their home while they were trying to sell it. The court did not abuse its discretion in concluding that appellee had a potentially meritorious defense to present if the default judgment was vacated.
Appellants also argue that the court erred in finding that appellee had grounds for relief from judgment pursuant to Civ.R. 60(B)(1). Appellee argue that because it never received notice of the complaint, relief from judgment was appropriate.
In Lin v. Reid (1993), 11 Ohio App.3d 232, the plaintiff lived in a house with ten students, all of whom received mail from one mailbox. The plaintiff was served with notice of the defendant's counterclaim by ordinary mail, to the correct address. He failed to respond to the counterclaim, and default judgment was entered against him. He later filed a motion for relief from judgment pursuant to Civ.R. 60 (B) claiming that he was unaware of the counterclaim until a policeman came to his house to advise him of the judgment. The Court of Appeals for Franklin County concluded that despite the presumption that the plaintiff had received the actual service pursuant to Civ.R. 5(D), the plaintiff clearly established, without contradiction, that he actually had not received any mailed notices. Id. at 235. The court concluded that vacation of the default judgment, on that basis alone, should have been granted. Id.
In contrast, in Morgan, supra, the defendant had been served with a summons and a copy of the complaint once via certified mail, and once via regular mail. In addition, the defendant had actual knowledge of the proceedings, but elected not to participate. Because the defendant made a conscious decision to ignore the judicial process, the court would not condone the defendant's actions by the grant of a relief from judgment.107 Ohio App. 3d at 335-336.
In the instant case, it is undisputed that when service failed on Edward Jones, appellants properly served the Secretary of State pursuant to R.C. 1702.06 (H). That statute further provides:
 The secretary of state shall forthwith give notice of such delivery to the corporation at its principal office as shown upon the record in the secretary of state's office and also to the corporation at any different address set forth in the above mentioned affidavit, and shall forward to the corporation at each of said addresses, by certified mail, with request for return receipt, a copy of such process, notice, or demand; and thereupon service upon the corporation shall be deemed to have been made.
Following service on the Secretary of State, appellants received a notice of proof of service from Bob Taft, Secretary of State. The proof of service notice recited that service was attempted by certified mail at the address of the statutory agent and any address of the corporation, and the Secretary had therefore fulfilled its obligation pursuant to the Ohio Revised Code.
However, the evidence is undisputed that appellee did not receive notice of the action. In addition, the record does not reflect what effort the Secretary of State made to serve the summons and complaint upon appellee. Although the statute recites that service upon the corporation shall be deemed to have been made upon completion by the Secretary of State of his duties pursuant to the statute, the court did not abuse its discretion in finding that appellee was entitled to relief from judgment in the instant case, where appellee demonstrated that it never received notice, and this evidence was uncontradicted.
The court did not abuse its discretion in granting the Civ. R. 60 (B) motion for relief from judgment. The first assignment of error is overruled.
 II
Appellants argue the court violated their rights to due process and equal protection by enforcing illegal deed covenants, including a covenant prohibiting the transfer of property in the allotment to persons of certain racial and ethic background.
First, the court did not enforce any deed restrictions by granting the motion for relief from judgment. The court merely allowed appellee to have its day in court concerning specific allegations of the instant complaint.
Second, the challenged deed restriction does not have anything to do with the instant case. Appellant made no claim in the complaint that this particular deed restriction was unconstitutional. Appellants further made no claim that this particular deed restriction was enforced by appellee against them.
The second assignment of error.
The judgment of the Stark County Common Pleas Court is overruled.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0208
JUDGMENT ENTRY
CASE NO. 1998-CA-00220
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellants.
______________________________
______________________________
 ______________________________ JUDGES