[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} The defendant-appellant, Phillip Mink, appeals from the order of the trial court denying his motion to set aside a default judgment. The judgment arose out an action by the plaintiff-appellee, Jack N. Turner, for $1,372 in hauling fees. Mink presents two assignments of error: (1) that the small claims division of the trial court did not have jurisdiction over the dispute because Mink's counterclaim for $1,000,000 exceeded the court's jurisdictional limit for small claims and required a transfer of the case to the regular docket of the municipal court; and (2) that the trial court failed to make "reasonable accommodations" for Mink's disability as required by state and federal law.
 {¶ 3} On September 25, 2002, Turner filed his claim for hauling fees, alleging that he had hauled a "mock cave" for Mink from Louisville, Kentucky, to Sharonville, Ohio. On October 9, 2002, Mink, acting pro se, filed a "cross-claim complaint," in which he accused Turner of defamation and asked for damages of $1,000,000. Mink also filed an answer to Turner's complaint, asserting defenses of "calumany" (sic) and unclean hands. Also on the same date, Mink filed a "motion for American with Disabilities (ADA) reasonable accommodations," in which he requested that he be excused from personally appearing in court and that he be provided with "a live video and audio connection" at his house.
 {¶ 4} On October 22, 2002, Turner filed an answer to Mink's "cross-claim complaint," asserting that he had not defamed Mink because Mink did, in truth, owe him the money for the hauling job that he had performed.
 {¶ 5} Apparently, although the entries are not of record, on October 28, 2002, the magistrate granted a default judgment to Turner and dismissed Mink's "cross-claim complaint" with prejudice. The next day, Mink filed a motion to set aside the default judgment. The motion simply cited certain civil rules as well as the Americans with Disabilities Act and the Rehabilitation Act of 1973.
 {¶ 6} The motion to set aside the default judgment was considered by another magistrate, who noted the dearth of supporting material in Mink's motion. Specifically, the magistrate noted that Mink had failed to supply the court with any current information on his alleged disability with regard to its nature and severity. The magistrate further noted that none of the materials provided by Mink satisfied the requirements of Civ.R. 60(B) as interpreted by the Ohio Supreme Court in GTE AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113. Finally, the magistrate noted that no action would be taken with respect to the previous magistrate's decision to dismiss Mink's "cross-claim complaint" with prejudice, since the motion to set aside the default judgment did not raise the issue of the propriety of that dismissal.
 {¶ 7} Mink responded to the magistrate's decision by filing a "motion to set aside and grant a stay." Mink included in his motion documents that he claimed showed that his son, Phillip B. Mink II, was the proper party, not he. He also requested a new trial under Civ.R. 59(B) and again asserted that he had a disability that required reasonable accommodation under the Americans with Disabilities Act.
 {¶ 8} Finally, on February 3, 2003, the court entered its decision overruling Mink's motion to "set aside and grant a stay," which the court treated as an objection to the magistrate's decision denying his motion to set aside the default judgment. The court, however, determined that it did not have jurisdiction over Mink's million-dollar counterclaim and thus concluded that the dismissal entered by the magistrate should be without prejudice. On February 11, 2003, the court denied Mink's motion for a new trial, finding that the motion had not been timely made.
 {¶ 9} On February 14, 2003, Mink filed his notice of appeal.
 {¶ 10} In his first assignment of error, Mink contends that the trial court should have transferred the case from the small claims court to the regular docket of the municipal court once he filed his million-dollar "cross-claim complaint." Mink cites R.C. 1925.10(A), which states that a civil action entered on the docket of the small claims division "shall be transferred to the regular docket * * * by the filing of a counter-claim or cross-claim for more than three thousand dollars."
 {¶ 11} Normally we would agree with Mink. However, his counterclaim, which alleged that Turner had defamed him in the complaint, sounded in libel and slander. R.C. 1925.02(A)(2)(a)(i) provides that "[a] small claims division does not have jurisdiction in * * * [l]ibel, slander, replevin, malicious prosecution, and abuse of process actions * * *." In other words, the small claims division lacks subject-matter jurisdiction over libel and slander claims regardless of the amount in question. The result is that the small claims division has no authority over the claim whatsoever, even for the limited purpose of certifying it for transfer to the regular docket of the municipal court. As one court has noted, the small claims division is "totally without jurisdiction [and] without authority to take jurisdiction [of libel and slander claims] for the purpose of certification." Linn v. Reid (1983),11 Ohio App.3d 232, 236, 464 N.E.2d 189; see, also, State ex rel. Nat.Employee Benefit Services v. Ct. of Common Pleas of Cuyahoga Cty.
(1990), 49 Ohio St.3d 49, 55 N.E.2d 941. Consequently, "a complaint or counterclaim based on libel or slander [filed in the small claims division] is properly subject only to a motion to dismiss and not to a motion to certify." Reid at 236, 464 N.E.2d 189.
 {¶ 12} We hold that the trial court did not err, therefore, in dismissing Mink's "cross-claim complaint" without prejudice since it lacked jurisdiction to take any other action with respect to the claim.
 {¶ 13} In his second assignment of error, Mink contends that the trial court failed to take reasonable steps to accommodate his disability. Since Mink is appealing from the trial court's denial of his motion to set aside the default judgment against him, we construe this assignment as asserting that Mink was entitled to relief under subsection (5), the catchall provision of Civ.R. 60(B).
 {¶ 14} As noted, the magistrate concluded that Mink had failed to adequately document the identity and nature of his disability based upon a series of documents that he had faxed to the Hamilton County Clerk of Courts. The faxed documents are not part of the record. Consequently, we have only the magistrate's summary of the contents of those documents, and, based on the summary, we cannot say that Mink has demonstrated any error. The magistrate's summary indicated that the documents were not current and were not informative.
 {¶ 15} It should be pointed out, also, that in order to succeed on a Civ.R. 60(B) motion, Mink was required to demonstrate that he had a meritorious defense. GTE, supra, at 116, 351 N.E.2d 113. In his answer, Mink asserted defenses of "calumany" (sic) and unclean hands. Only after
the magistrate had denied his motion to set aside the default judgment did Mink present any evidence of a colorable defense. It was not until his subsequent motion to "set aside" the magistrate's decision that he attached invoices and letters that, he claimed, demonstrated that his son of the same name and address was the one who had contracted for the hauling services, not he.[1]
 {¶ 16} We review a decision to deny a Civ.R. 60(B) motion under an abuse-of-discretion standard. Id. at 117, 351 N.E.2d 113. Given the inadequacy of the record to demonstrate that Mink had any disability requiring reasonable accommodations, we have no basis to validate this assignment of error, particularly in the procedural context in which it has been presented. Mink's second assignment of error is overruled.
 {¶ 17} The judgment of the trial court is affirmed.
 {¶ 18} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.
[1] The trial court considered Mink's motion to "set aside and stay" the magistrate's decision as an objection to the decision. Without addressing specifically the evidence that Mink had belatedly proffered in the motion, described by Mink as "newly discovered," the trial court stated simply that it found the motion not to be well taken. Mink, it should be pointed out, has not raised any assignment of error with respect to the trial court's consideration, or lack of consideration, of this evidence.