OPINION
{¶ 1} Appellant, Robert L. Hilton ("Robert"), appeals the December 18, 2006 Judgment of the Family Court of Henry County, Ohio, Domestic Relations Division, adopting the Recommendations of the Administrative Hearing Officer for the Henry County Child Support Enforcement Agency (CSEA), thereby increasing his child support obligation from $175.25 per month to $474.51 per month.
 {¶ 2} Lisa Hilton, nka Lisa Knicely, filed a complaint for divorce from Robert Hilton on May 28, 2004. The entry of divorce issued on June 3, 2005 included a shared parenting plan for the children of the marriage, Jessica and Brianna. The shared parenting plan specified that Jessica would reside primarily with Robert, while Brianna would reside with Lisa. Robert was also to pay $175.25 per month in child support to Lisa, under the terms of the shared parenting plan. Although a worksheet is attached to the shared parenting order, beyond the worksheet there is no explanation in the record of how the child support amount was calculated. Moreover, the worksheet itself appears to contain at least one mathematical error in the calculation which is not explained.
 {¶ 3} The next document addressing the support obligation contained in the record is the "Recommendation of Administrative Hearing Officer" ostensibly arising from an August 24, 2006 hearing, conducted to review certain support modifications *Page 3 
apparently recommended by the Henry County CSEA.[1] Nothing in the record provided to this Court indicates what precipitated this hearing, but the Recommendation indicates that the review was conducted pursuant to R.C. 3119.89. Furthermore, it is unclear from the record if the administrative hearing officer is acting as an employee of the CSEA or the trial court and what, if any, authority is vested in the administrative hearing officer to conduct such a hearing. In any event, the hearing officer recommended that Robert's support obligation should be modified to $474.51.
 {¶ 4} On September 6, 2006 Robert apparently made an objection to the findings of the hearing officer directed to the CSEA. The foregoing events are reflected in a "Notice to Court" filed by the CSEA with the Court of Common Pleas on September 7, 2006 indicating that:
 The Child Support Enforcement Agency has conducted an administrative review of the child support obligation in this cause pursuant to Ohio Revised Code 3119.64. Thereafter a written objection to the Child Support Enforcement Agency's recommendations was received from Robert L. Hilton. Subsequently an Administrative Hearing was conducted pursuant to the requirements of the Revised Code and the various regulations. Following this proceeding the Administrative Hearing Officer issued certain recommendations . . . The Child Support Enforcement Agency has now received a written objection from Robert L. Hilton a copy of which is attached hereto . . . *Page 4 
 {¶ 5} A Magistrate's Decision, issued on November 6, 2006 adopted the "Recommendation of the Administrative Hearing Officer," with a one line entry stating only "that the Administrative Officer findings be adopted in the entirety." On November 29, 2006, the parties were sent a Notice of the Right to Object to Magistrate's Decision. No objections were filed and the Family Court of Henry County, Ohio, Domestic Relations Division adopted the decision of the magistrate in a Judgment entered on December 15, 2006. However, this "Judgment Entry" was completed on a form that did not contain any of the specifics of the case. On December 18, 2006 the Family Court issued a more detailed Judgment Entry confirming child support in the amount determined by the hearing officer.
 {¶ 6} Robert now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR I ERROR IN THE APPLICATION OF O.R.C. 3119.89 — THIS SECTION DOES NOT APPLY WHEN SUPPORT IS ORDERED FOR ONLY ONE CHILD
 ASSIGNMENT OF ERROR II ERROR IN FOLLOWING THE PROCEDURES OUTLINED IN O.R.C. 3119.89 TO NOT INCLUDE A REVIEW PURSUANT TO SECTIONS 3119.60 TO 3119.76 — THE DETERMINATION OF REVISED CHILD SUPPORT WAS DERIVED FROM AN INVESTIGATION PURSUANT TO SECTIONS 3119.60 TO 3119.76 AND O.R.C. 3119.89(B) SPECIFICALLY STATES "SHALL NOT INCLUDE A REVIEW PURSUANT TO SECTIONS 3119.60 TO 3119.76 OF THE REVISED CODE OF ANY CHILDREN SUBJECT TO THE CHILD SUPPORT ORDER." *Page 5 
 ASSIGNMENT OF ERROR III ERROR IN THE CALCULATION OF CHILD SUPPORT PURSUANT TO O.R.C. 3119.89(B)
 {¶ 7} Before turning to Robert's assignments of error, we must first address his failure to file a timely objection to the magistrate's decision pursuant to Ohio Civ. R. 53. Civil Rule 53(D)(3)(b)(iv) provides that if a party failed to file a timely objection to the magistrate's decision, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . ." Civ. R. 53(D)(3)(b)(iv) (formerly Civ. R. 53(E)(3)(b)). In the present case, Robert did not file an objection to the magistrate's decision.
 {¶ 8} The Ohio Supreme Court has discussed the application of the plain error doctrine in civil cases, finding that, "[i]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, 1997-Ohio-401, at syllabus.
 {¶ 9} "A `plain error' is obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse affect on the character and public confidence in judicial proceedings." Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 209, 436 N.E.2d 1001. A trial court may adopt a magistrate's *Page 6 
decision in the absence of objections, "unless it determines that there is an error of law or other defect on [its] face." Civ.R. 53(E)(4)(a). Review under the plain error standard is limited on appeal to review of "the trial court's adoption for failure to correct an obvious error of law or other such defect in the decision." Timbercreek Village Apts. v.Myles (May 28, 1999), Montgomery App. No. 17422 citing Divens v.Divens (Oct. 2, 1998), Clark App. No. 97 CA 0112.
 {¶ 10} Robert contends in his second assignment of error that the CSEA conducted a review pursuant to R.C. 3119.60 — 3119.76, in contravention of the mandates of R.C. 3119.89. We agree with Robert's contention. Moreover, because we conclude that this case presents a fundamental error of law affecting the legitimacy of the judicial process, we find that the trial court's failure to correctly apply R.C. 3119.89 rises to the level of plain error.
 {¶ 11} The termination of child support for Jessica should have taken place under R.C. 3119.89, which the CSEA concedes in its brief. R.C.3119.89 provides:
 (A) upon receipt of a notice pursuant to section 3119.87 of the Revised Code, the child support enforcement agency administering a child support order, within twenty days after receipt of the notice, shall complete an investigation. The agency administering a child support order may conduct an investigation upon its own initiative if it otherwise has reason to believe that there may be a reason for which the order should terminate. The agency's investigation shall determine the following:
 (1) Whether any reason exists for which the order should terminate;
 (2) Whether there are other children subject to the order; *Page 7 
 (3) Whether the obligor owes any arrearages under the order;
 Whether the agency believes it is necessary to continue withholding or deduction pursuant to a notice or order described in section 3121.03 of the Revised Code for the other children or arrearages;
 Whether child support amounts paid pursuant to the order being investigated should be impounded because continuation of receipt and disbursement would lead to an overpayment by the obligor.
 (B) If the agency, pursuant to the investigation under division (A) of this section, determines that other children are subject to the child support order and that it is necessary to continue withholding or deduction for the other children, the agency shall divide the child support due annually and per month under the order by the number of children who are the subject of the order and subtract the amount due for the child for whom the order should be terminated from the total child support amount due annually and per month. The resulting annual and per month child support amount shall be included in the results of the agency's investigation as the recommended child support amount due annually and monthly under a revised child support order. If arrearage amounts are owed, those amounts may be included as part of the recommended child support amount. The investigation under division (A) of this section shall not include a review pursuant to sections 3119.60 to 3119.76 of the Revised Code of any other children subject to the child support order.
In the present case, R.C. 3119.89 was clearly applicable, as Jessica, the older child, was terminated from child support, whereas Brianna was still eligible to receive continuing support.
 {¶ 12} However, Robert was denied the process mandated by R.C. 3119.89
when the Child Support Enforcement Agency, apparently upon its own initiative, conducted a review pursuant to R.C. 3119.64. The Recommendations of the Administrative Hearing *Page 8 
Officer specifically state that a review was conducted pursuant to R.C.3119.89. It is clear, however, from reading the Recommendations that the review was not conducted pursuant to R.C. 3119.89, but instead, included a full review of Robert's support obligations.
 {¶ 13} The process of a full review is further evidenced from the communications from the CSEA to the trial court. The Executive Legal Counsel to the CSEA filed a Notice to Court on September 7, 2006 stating "[t]he Child Support Enforcement Agency has conducted an administrative review of the child support obligation in this cause pursuant to Ohio Revised Code Section 3119.64." As noted previously, R.C. 3119.89
specifies that "the investigation under division (A) of this section shall not include a review pursuant to sections 3119.60 to 3119.76 of the Revised Code of any other children subject to the child support order."[2]
 {¶ 14} R.C. 3119.89, et. seq. provide the proper procedure after a review has been conducted pursuant to R.C. 3119.89. Revised Code 3119.90
provides:
 (A) If, pursuant to an investigation conducted under section 3119.89 of the Revised Code, the child support enforcement agency determines both that a child support order should terminate and that child support amounts paid pursuant to the order should be impounded because continuation of receipt and disbursement would lead to an overpayment by the obligor, the agency shall do the following:
 (1) With respect to a court child support order, immediately notify the court that issued the order of the results of its investigation and *Page 9 submit to the court an order impounding any funds received for the child pursuant to the court child support order that was under investigation;
 * * *
 (B) A child support enforcement agency that conducts an investigation of a child support order shall give the obligor and obligee under the order notice of the results of its investigation and a copy of any court or administrative impound order issued pursuant to division (A) of this section. The obligor and obligee also shall be given all of the following:
 (1) Notice of their right to request an administrative hearing regarding any conclusions of the investigation;
 (2) Notice of the procedures and time deadlines for requesting the hearing;
 (3)(a) Notice that the conclusions of the investigations will be issued as an administrative order by the agency if the underlying order is an administrative child support order;
 (b) Notice that the conclusions of the investigations will be submitted to the court for inclusion into a revised or terminated court child support order with no further court hearing if the underlying order is a court child support order.
 (4) Notice that no revised administrative or court child support order will be issued if either the obligor or obligee requests an administrative hearing on the investigation conclusions within thirty days after receipt of the notice under this division.
 {¶ 15} Revised Code 3119.91 provides a separate procedure for parties to seek a hearing when a support obligation is reviewed under R.C.3119.89. "If an obligor or obligee under a child support order timely requests an administrative hearing pursuant to section 3119.90 of the Revised Code, the child support enforcement agency shall *Page 10 
schedule a hearing on the issue, give the parties notice of the date, time, and location of the hearing, and conduct the hearing," and provides a mechanism for either of the parties to object to the outcome of the hearing.
 {¶ 16} It is important to note that a hearing, pursuant to R.C.3119.91, is separate and distinct from the procedure available to modify the entire amount of child support under R.C. 3119.64. Here, Robert objected to the findings of the hearing officer, who conducted a complete review of his child support obligation. While the hearing officer stated in her Recommendation that the review was conducted pursuant to R.C. 3119.89, this Court notes that R.C. 3119.89 et. seq. does not provide for this type of review. It is also important to note that the review by the hearing officer occurred after the CSEA stated it conducted "an administrative review pursuant to Ohio Revised Code Section 3119.64." See Notice to Court — Sept. 7, 2006.
 {¶ 17} Moreover, the hearing officer heard testimony from the parties, gathered new information, and concluded by completing a new child support worksheet with figures that were completely different from those used in the original calculation.[3]
 {¶ 18} "An appellate court will only reverse the trial court's adoption of a magistrate's decision under such circumstances where plain error is demonstrated. Plain error is often construed to encompass "error[s] of law or other defect[s] evident on the *Page 11 
face of the magistrate's decision," which prohibit the adoption of a magistrate's decision even in the absence of objections. DiNunzio v.DiNunzio, Lake App. No. 2006-L-106, 2007-Ohio-2578. As noted earlier, the magistrate's decision provides little information to the court, only that the magistrate recommends "that the administrative officer findings be adopted in the entirety." Magistrate's Decision November 7, 2006. As a result, in order for the trial court to determine what the magistrate recommended, a review of the Recommendations of the Administrative Hearing Officer would have been necessary. This appears to have been done in the trial court's judgment entries of December 15, 2006 and December 18, 2006. However, in conducting that review, the trial court did not recognize that the administrative hearing officer's Recommendation was itself contrary to the mandates of R.C. 3119.89.
 {¶ 19} In short, the administrative hearing officer conducted a review that was contrary to law and hence engaged in an improper exercise of judicial authority. As a result, it is our conclusion that the failure of the trial court to recognize this fundamental defect in the CSEA hearing process constituted error which "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself," and as such rises to the level of plain error. Goldfuss,supra. The second assignment of error is sustained.
 {¶ 20} In his first assignment of error, Robert claims that 3119.89 was not the applicable statute governing this case. However, it is evident from reading the statute *Page 12 
that R.C. 3119.89 does govern the present case, where one child terminated from the support order while the other child remained eligible for support. Robert's third assignment of error, in which he claims that the calculation of support, pursuant to R.C. 3119.89 was incorrect, is rendered moot by our finding of plain error.
 {¶ 21} For the foregoing reasons, the first assignment of error is overruled, the second assignment of error is sustained, and the third assignment of error is rendered moot. Because we find plain error in the trial court's adoption of the magistrate's decision and adoption of the recommendations of the hearing officer, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and remanded.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] While not set forth anywhere in the record, information in the appellant's brief indicates that on August 9, 2006 Jessica, who had already graduated from high school, reached age 18. This resulted in a termination of support for Jessica. Brianna, born September 25, 1990 continued to reside with Lisa and remained eligible for support.
[2] We are aware that under certain circumstances, the CSEA may be authorized to conduct a full review pursuant to R.C. 3119.60 — 3119.76. However, there is no indication that any of these circumstances were present in this case.
[3] The source of the new information is not included in the record. Although the hearing officer states in her Recommendation that she reviewed the income amounts provided by the parties, there is no indication that any other figures relevant to the determination of child support were also reviewed, nor is there documentation concerning where any of the relevant figures were gathered from. *Page 1