[Cite as *State v. Reid*, 2015-Ohio-4185.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102536**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TOBIAS R. REID, PH.D.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED
FOR CORRECTION

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586928-A

**BEFORE:** Blackmon, J., E.A. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 8, 2015

**APPELLANT**

Tobias Reid, pro se
1586 Larchmond Drive
Cleveland, Ohio 44110


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Andrew Rogalski
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Tobias R. Reid, Ph.D. ("Reid") appeals his conviction and assigns the following four errors for our review:

I. The trial court erred in accepting appellant's guilty plea as 2001 SUV Ford Explorer had been junked by Cleveland Police.

II. The trial court erred in accepting appellant's guilty plea as plea was made by mistake, inadvertence, and surprise.

III. The trial court erred in accepting appellant's guilty plea based on newly discovered evidence.

IV. The trial court erred in accepting appellant's guilty plea because as plea was based on fraudulent misrepresentation of 2001 SUV Ford Explorer being in the custody of Cleveland Police.

{¶2} Having reviewed the record and pertinent law, we affirm Reid's conviction. The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Reid for breaking and entering, theft, both with forfeiture specifications regarding a 2001 Ford SUV, and possession of criminal tools. The charges arose from Reid stealing scrap metal. Reid entered a plea to an amended count of petty theft, a first-degree misdemeanor, and the remaining counts were dismissed, including the forfeiture specifications.

{¶4} The trial court issued a $100 fine against Reid and ordered that the Cleveland Police Department return to Reid the SUV that was seized as part of the investigation.

{¶5} Reid filed a pro se motion to vacate his sentence pursuant to "Crim.R. 60(B)" in which he alleged that he was told by the police that his car was "junked." He

argued that because the police failed to return his vehicle, his plea was "null and void." The trial court denied the motion.

## Invalid Guilty Plea

**{¶6}** We will address Reid's assigned errors together because they all concern Reid's contention that his guilty plea was "null and void" due to the police department's failure to return his 2001 Ford SUV.

**{¶7}** We note that Reid filed his motion pursuant to Crim.R. 60(B), which is not applicable. He uses the language contained within Civ.R. 60(B), which does not apply to criminal proceedings. Nonetheless, despite the caption and use of the Civ.R. 60(B) language, it is clear that Reid desired to vacate his plea.

**{¶8}** Crim.R. 32.1 provides:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶9}** Thus, a postsentence motion to withdraw a guilty plea should only be granted when the defendant establishes that he must be permitted to change his plea to avoid a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977); Crim.R. 32.1.

**{¶10}** The "manifest injustice" standard is an extremely high standard, which permits the withdrawal of a guilty plea only in extraordinary cases. *Smith*, 49 Ohio St.2d at 264. The decision to grant or deny a postsentence motion to withdraw a guilty plea is within the sound discretion of the trial court. *Id*. at paragraph two of the syllabus. We

review the court's decision regarding a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

{¶11} The return of the SUV was not mentioned at the plea hearing. However, the trial court ordered in the journal entry that the vehicle be returned to Reid. If the police department did in fact scrap the vehicle without order of the court, the department violated R.C. 2981.11, which governs the safekeeping of property in custody of the police. However, this would not have voided Reid's plea, but would have entitled him to compensation for the value of the vehicle, that is, assuming he could prove ownership of the SUV. *See Kimmie v. Ohio Dept. Of Rehab. & Corr.*, Ct. of Cl. No. 2005-03849-AD, 2005-Ohio-4612, ¶ 6, citing *Berg v. Belmont Corr. Inst.*, Ct. of Cl. No. 97-09261-AD (1998) (a plaintiff "may recover the value of confiscated property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction.") If property is neither forfeited nor unclaimed, it should be returned to the defendant. *State v. Lenard*, 8th Dist. Cuyahoga Nos. 96975 and 97570, 2012-Ohio-1636, ¶ 81-83.

{¶12} Accordingly, the trial court did not abuse its discretion by denying Reid's motion to vacate his plea. Reid's first, second, third, and fourth assigned errors are overruled.

{¶13} Although Reid does not raise any error regarding the journal entry, our review of the record shows that the trial court made a clerical error in the journal entry. The journal entry states that Reid entered a plea to an amended Count One of breaking and entering, with the forfeiture specifications and the remaining counts nolled.

However, a review of the transcript shows that Reid, in fact, pled guilty to an amended Count Two, with the forfeiture specifications and remaining counts being nolled. Count Two was for theft of property with value in excess of $1,000 but less than $7,500. Count Two was amended to petty theft — that is, the theft of property with a value less than $1,000. Counts One and Three were then nolled along with all of the forfeiture specifications. The transcript shows the following colloquy:

> COURT: Based upon the statements of the prosecuting attorney as well as your lawyer, I believe that it is your intention to plead guilty to amended Count Two, petty theft, that is a misdemeanor of the first degree, in violation of R.C. 2913.02(A)(1). That carries a possible penalty of up to six months of local incarceration and a fine of up to $1,000, do you understand that, sir?
>
> REID: I do.
>
> * * *
>
> COURT: Mr. Reid, how do you plead to amended Count Two, petty theft, a misdemeanor of the first degree, in violation of 2913.02(A)(1)?
>
> REID: Guilty.
>
> COURT: Thank you. I accept your plea of guilty and find you guilty thereon. Count Two is hereby amended by changing the value to less than $1,000. Additionally, the forfeiture specification is hereby deleted. Counts One [break and entering] and Three [possession of criminal tools] are hereby nolled.

Tr. 22-25.

{¶14} We, therefore, remand the matter for the trial court to enter a nunc pro tunc order pursuant to Crim.R. 36 to reflect what actually occurred in open court.

**{¶15}** Judgment affirmed; matter remanded to the trial court for correction of journal entry as instructed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR