[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Reid v. Cleveland Police Dept.,* Slip Opinion No. 2017-Ohio-7527.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7527

REID, APPELLEE, *v.* CLEVELAND POLICE DEPARTMENT ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Reid v. Cleveland Police Dept.,* Slip Opinion No. 2017-Ohio-7527.]

*Law-of-the-case doctrine applies only to rulings in the same case.*

(No. 2016-1122—Submitted June 20, 2017—Decided September 12, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 103781, 2016-Ohio-3466.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we address whether the law-of-the-case doctrine requires a court to follow a superior court's decision in a prior appeal involving one of the parties but in the context of a different case. We hold that it does not. The law-of-the-case doctrine applies only to rulings in the same case. Accordingly, we reverse the judgment of the Eighth District Court of Appeals.

## RELEVANT BACKGROUND

**{¶ 2}** Appellee, Tobias Reid, pled guilty to petty theft in the Cuyahoga County Common Pleas Court pursuant to a negotiated plea agreement. The plea agreement included the provision that Reid's motor vehicle, which had been seized when he was arrested for stealing from a construction site, would be returned to him.

**{¶ 3}** The trial court accepted Reid's plea and ordered the Cleveland police department (which was not a party in that case) to return Reid's vehicle. But the department had already disposed of the automobile.

**{¶ 4}** Reid moved to vacate his sentence because the police department had failed to return the vehicle. The trial court denied the motion. Reid appealed his criminal conviction to the Eighth District Court of Appeals. The appellate court recognized that "the trial court ordered in the journal entry that the vehicle be returned to Reid." *State v. Reid*, 8th Dist. Cuyahoga No. 102536, 2015-Ohio-4185, ¶ 11. But it held that vacating his sentence was not the remedy:

> If the police department did in fact scrap the vehicle without order of the court, the department violated R.C. 2981.11, which governs the safekeeping of property in custody of the police. However, this would not have voided Reid's plea, but would have entitled him to compensation for the value of the vehicle, that is, assuming he could prove ownership of [it]. *See Kimmie v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-03849-AD, 2005-Ohio-4612, ¶ 6, citing *Berg v. Belmont Corr. Inst.*, Ct. of Cl. No. 97-09261-AD (1998) (a plaintiff "may recover the value of confiscated property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction").

*Reid* at ¶ 11.

**{¶ 5}** The Eighth District affirmed the conviction. 2015-Ohio-4185, ¶ 15.

**{¶ 6}** Reid thereafter filed the underlying civil suit against the police department and two police officers seeking $1,000,000 in compensatory damages related to the disposal of his vehicle. The police department and the officers moved for summary judgment, claiming, among other things, statutory immunity. The trial court granted summary judgment without a written opinion, and Reid appealed to the Eighth District, which reversed the trial court's judgment.

**{¶ 7}** The appellate court held that even though sovereign immunity generally bars claims against a police department for the wrongful disposition of vehicles, summary judgment was improper in this case because the law-of-the-case doctrine applied. According to the Eighth District, the judge in the civil case was bound by the ruling of the appellate court in Reid's criminal case. Thus, it held, summary judgment was improper because the appellate court in the criminal case stated that Reid was entitled to compensation and upheld his guilty plea despite the breach of one of the plea agreement's material terms (return of the vehicle).

**{¶ 8}** The police department and the officers appealed to this court, asserting that the law-of-the-case doctrine does not require a court to apply the findings of a superior court in a criminal case to a civil case brought by the criminal defendant against individuals and entities who were not parties to the criminal case. We accepted jurisdiction. 147 Ohio St.3d 1505, 2017-Ohio-261, 67 N.E.3d 823.

## ANALYSIS

**{¶ 9}** "[T]he law of the case is applicable to subsequent proceedings in the reviewing court as well as the trial court. Thus, the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." *Nolan v. Nolan*, 11 Ohio St.3d 1, 4, 462 N.E.2d 410 (1984). A plain reading of *Nolan* indicates that the doctrine applies only to subsequent proceedings "in the same case." We reiterate our holding that the law-of-the-case doctrine is applicable

only to proceedings within the *same* case and does not limit the actions of a court in another case, even if that case has a party in common with the other case.

{¶ 10} The law-of-the-case doctrine exists to promote the "finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.' 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1], p. 118 (1984)." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). This court has long recognized that the law-of-the-case doctrine is necessary to "ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404, 659 N.E.2d 781 (1996), citing *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979). Although these objectives are compelling, they are less so when the case before the court is not the same case in which the question at issue was earlier resolved. Indeed, courts commonly consider the same legal issues over and over again but reach different outcomes because the cases involve different facts.[1] This deliberative process is a hallmark of our judicial system and does not impede the goals of finality, consistency, and efficiency.

## CONCLUSION

{¶ 11} The law-of-the-case doctrine requires a court to follow rulings on issues previously resolved within the same case. In this case, the appellate court held that the law-of-the-case doctrine applied to force a court in a civil case to adhere to an earlier decision in a criminal case. This was not a proper application

---

[1] Stare decisis and res judicata also promote finality and consistency in other contexts in the legal system. *See, e.g., Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 43 ("The doctrine of stare decisis is designed to provide continuity and predictability in our legal system"); *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381-382, 653 N.E.2d 226 (1995) (res judicata involves both claim and issue preclusion). Those doctrines were not raised by the parties or the lower court, and we do not consider them here.

of the law-of-the-case doctrine. Accordingly, we reverse the judgment of the Eighth District Court of Appeals and reinstate the Cuyahoga County Common Pleas Court's summary-judgment order.

Judgment reversed.

O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., dissents.

_____

Tobias R. Reid, pro se.

Barbara A. Langhenry, Cleveland Director of Law, William M. Menzalora, Chief Assistant Director of Law, and Janeane R. Cappara, Assistant Director of Law, for appellants.

_____