OPINION
{¶ 1} Defendant-appellant, Peter DiNunzio, Sr., appeals the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, overruling his objections to a magistrate's decision determining Peter's arrearage of spousal support. For the following reasons, we affirm the decision of the court below.
 {¶ 2} The current proceedings arise out of a complaint for divorce, filed by plaintiff-appellee, Ellen DiNunzio, on November 22, 2002. *Page 2 
 {¶ 3} The matter was tried before a magistrate. On July 19, 2005, the domestic relations court adopted the magistrate's decision and granted the divorce.
 {¶ 4} Peter appealed the decision to this court, which affirmed the domestic relations court on July 28, 2006. See DiNunzio v.DiNunzio, 11th Dist. No. 2005-L-124, 2006-Ohio-3888 (containing a more detailed procedural history of this case).
 {¶ 5} On September 13, 2005, Peter filed a Motion to Show Cause against Ellen for failing to deliver certain personal property awarded to Peter and his sons in the divorce decree. On October 13, 2005, Ellen filed a Motion to Show Cause (Nonpayment of Spousal Support). On January 30, 2006, a hearing was held on these, and other, motions before the magistrate.
 {¶ 6} On February 3, 2006, the magistrate issued a decision providing, in relevant part, that Peter "was ordered to pay to [Ellen] the sum of $ 480.00 per month as and for spousal support and, as of March 1, 2006, [Peter] will be $ 3,623.00 in arrears on his spousal support." The magistrate also stated: "By agreement, [Ellen] will place [Peter and son's] clothing on the front porch at the Angeline Circle property for pick-up by [Peter and sons] at 10:00 a.m. on Saturday, March 1, 2006."
 {¶ 7} Peter filed objections to both of these aspects of the magistrate's decision, arguing that the calculation of monthly spousal support and arrearage was in error and that the agreed upon date for picking up the clothing was Saturday, February 4, 2006.
 {¶ 8} No transcript of the January 30, 2006 hearing was filed.
 {¶ 9} On May 9, 2006, the domestic relations court overruled Peter's objections and adopted the magistrate's decision, stating that, "absent a transcript of the proceeding before the Magistrate, the facts are as determined by the magistrate." *Page 3 
 {¶ 10} Peter timely appeals and raises the following assignments of error:
 {¶ 11} "[1.] The trial court and magistrate erred to the prejudice of the Appellant-Husband by finding that Appellant-Husband is ordered to pay Appellee-Wife $ 483.00 per month as and for spousal support and that Appellant-Husband is in arrears $ 3,623.00 as of March 1, 2006.
 {¶ 12} "[2.] The trial court and magistrate erred to the prejudice of the Appellants by determining Saturday, 1 March 2006 to be the date upon which Appellants may pickup personal belongings from the Angeline Circle home."
 {¶ 13} Under the first assignment of error, Peter argues the determination of his monthly spousal support obligation, and, thus, the amount of arrearage, is the result of a simple miscalculation. The decree of divorce provided that Ellen was to receive as spousal support "one half (½) of the difference between her monthly Social Security payment and husband's Social Security Disability payment." According to Peter, Ellen receives $ 626.00 per month in social security benefits and Peter receives $ 1,262.00 per month. The parties' total benefits are $ 1,888.00, half of which is $ 944.00. The difference between this figure and Ellen's monthly social security is $ 318.00, not the $ 483.00 as found by the magistrate.
 {¶ 14} In a matter referred to a magistrate, "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." Ohio Civ.R. 53(D)(3)(b)(i). "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). *Page 4 
 {¶ 15} "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * *, unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Ohio Civ.R. 53(D)(3)(b)(iv). See D.A.N. Joint Venture III, L.P. v. Armstrong, 11th Dist. No. 2006-L-089, 2007-Ohio-898, at ¶ 21.
 {¶ 16} This court has held that, "[w]hen an objecting party fails to submit the necessary transcript or affidavit, from the referee's hearing to the trial court, the scope of a trial court's review of the factual findings in a report is limited to determining whether those findings are sufficient to support the referee's ultimate factual findings and the conclusions of law." Roberts v. Payton (1995), 105 Ohio App.3d 597,600. An appellate court will only reverse the trial court's adoption of a magistrate's decision under such circumstances where "plain error" is demonstrated. "Plain error" is often construed to encompass "error[s] of law or other defect[s] evident on the face of the magistrate's decision," which prohibit the adoption of a magistrate's decision even in the absence of objections. Ohio Civ.R. 53(D)(4)(c); cf. In reClowtis, 11th Dist. Nos. 2006-L-042 and 2006-L-043, 2006-Ohio-6868, ¶ 13
(citations omitted).
 {¶ 17} In the present case, Peter, by not filing a transcript of the proceedings before the magistrate as required by Civ.R. 53(D)(3)(b), has failed to properly object and so has waived his right to raise the issue of the magistrate's factual findings on appeal. Civ.R. 53(D)(3)(b)(iv).
 {¶ 18} Peter argues, however, that a transcript is not necessary because the error is demonstrated "through common sense and mathematical review of the trial court's own Judgment Entry of Divorce." We disagree. The alleged miscalculation is *Page 5 
premised on the factual determinations that Ellen's social security benefits are $ 626.00 per month and that Peter's are $ 1,262.00 per month. There is no evidence before this court as to what figures or calculations the magistrate relied upon at the January 30, 2006 hearing to calculate the monthly support obligation or the total arrearage. In the absence of a transcript or affidavit or other evidentiary submission, we must presume the regularity of the trial court's proceedings, including factual determinations, as well as the validity of its judgment. Lambert v. Lambert, 11th Dist. No. 2004-P-0057,2005-Ohio-2259, at ¶ 18 ("[s]ince there was no transcript of the hearing or some other acceptable alternative as set out in App.R. 9, appellant cannot demonstrate the claimed error, and this court must presume the regularity of the trial court proceedings as well as the validity of its judgment").
 {¶ 19} The first assignment of error is without merit.
 {¶ 20} Under the second assignment of error, Peter argues the lower court erred by fixing the day at which he and his sons could pick up their personal belongings from the Angeline Circle property as March 1, 2006, rather than February 4, 2006. Peter claims he and his sons were prejudiced by the undue delay and have still not obtained their personal belongings.
 {¶ 21} As the date for obtaining his personal belongings from the Angeline Circle property is past, Peter's assignment of error is rendered moot. Additionally, in the absence of a transcript or other evidence, we cannot determine the validity of Peter's claim that the parties had agreed to the February 4, 2006 pick-up date and must presume regularity.
 {¶ 22} The second assignment of error is without merit. *Page 6 
 {¶ 23} For the foregoing reasons, the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, adopting the magistrate's decision determining Peter's arrearage and spousal support obligation, is affirmed.
WILLIAM M. O'NEILL, J., concurs,
COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.