[Cite as *Auto Loan, Inc. v. Sisler*, 2022-Ohio-3282.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

AUTO LOAN, INC.,

        Plaintiff-Appellee,

    - v -

SARAH R. SISLER,

        Defendant-Appellant.

**CASE NO. 2021-P-0099**

Civil Appeal from the
Municipal Court, Kent Division

Trial Court No. 2020 CVF 01082 K

---

## O P I N I O N

Decided: September 19, 2022
Judgment: Affirmed in part, reversed in part, and remanded

---

*Tracee D. Hilton-Rorar,* 80 Thorlone Avenue, Akron, OH 44312 (For Plaintiff-Appellee).

*Jason M. Rebraca,* Johnson & Johnson Law Firm, 12 West Main Street, Canfield, OH 44406; *Michael L. Berler, Ronald I. Frederick,* and *Michael L. Fine,* Frederick & Berler LLC, 767 East 185th Street, Cleveland, OH 44119 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Sarah R. Sisler, appeals the September 10, 2021 order of the Portage County Municipal Court, Kent Division, adopting the Magistrate's Decision granting the motion to dismiss filed by appellee, Auto Loan, Inc. For the reasons set forth herein, the judgment is affirmed in part, reversed in part, and remanded.

{¶2} In September 2020, Auto Loan, Inc. filed a small claims action against Ms. Sisler alleging she owed it approximately $4,000 plus interest as a result of a breach of the Retail Installment Contract and Security Agreement Ms. Sisler signed. Ms. Sisler filed

an answer, a counterclaim, and a motion to transfer the matter to the general division of the municipal court. The court granted the motion to transfer.

{¶3} Auto Loan, Inc. filed a motion to dismiss Ms. Sisler's counterclaim; Ms. Sisler filed a class action counterclaim, which Auto Loan, Inc. moved to strike and the court denied. The class action counterclaim was amended, and Auto Loan, Inc. moved to dismiss it and a motion to transfer to small claims court.

{¶4} The matter was heard before a Magistrate who ordered, inter alia, that the motion to transfer to small claims court be denied. It also found that Auto Loan, Inc. did not improperly file actions in the small claims division of the municipal court because it is not an assignee pursuant to R.C. 1925.02(A)(2)(ii) and it did not file complaints exceeding the small claims division monetary jurisdictional limits. It also found that a declaratory judgment was not the proper method to determine if prior judgments have been properly adjudicated. In so finding, the Magistrate granted Auto Loan, Inc.'s motion to dismiss the First Amended Class Action Counterclaim.

{¶5} Upon review, the municipal court adopted the magistrate's decision as part of its judgment. Ms. Sisler now appeals the dismissal of her class action counterclaim, assigning three errors for our review. The first states:

> {¶6} The Trial Court erred in finding that Auto Loan, Inc. is not an "assignee" under R.C. § 1925.02(A)(2)(ii) because it received its assignment of rights before a legal cause of action accrued with respect to those rights.

{¶7} Ms. Sisler argues this court should review the dismissal pursuant to Civ.R. 12(B)(6) de novo, while Auto Loan argues that because Ms. Sisler did not provide a transcript of the hearings to the trial court which reviewed the magistrate's findings, both this court and the trial court must accept all the magistrate's factual findings as true and

2

review only for plain error. It is undisputed that Ms. Sisler did not provide the trial court with a transcript of the hearing; she maintains, however, that she only raised questions of law, making the inclusion of a transcript unnecessary. Conversely, inherent in Auto Loan's argument is its belief that the matter of whether Auto Loan is an assignee as contemplated by R.C. 1925.02(A)(2)(ii) is a question of fact.

{¶8} This court had previously stated "whether one is an assignee is a question of fact to be determined by the trier of fact * * *." *Lakeside Utilities Corp. v. Detrick*, 11th Dist. Ashtabula No. 1093, 1982 WL 5796, *4 (June 25, 1982), citing *Smith v. Barrick*, 151 Ohio St. 201 (1949). Accordingly, without the transcript of the hearing before the magistrate, the trial court was required to accept the factual findings, including the finding that Auto Loan was not an assignee, as true. *Estate of Stepien v. Robinson*, 11th Dist. Lake No. 2013-L-001, 2013-Ohio-4306, ¶28, citing *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730 (1995) ("When a party fails to file a transcript of the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based on those factual findings."). Similarly, our review on this finding of fact is reviewed for plain error. *State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, ¶11; *see also DiNunzio v. DiNunzio*, 11th Dist. Lake No. 2006-L-106, 2007-Ohio-2578, ¶16. "'Plain error' is often construed to encompass 'error[s] of law or other defect[s] evident on the face of the magistrate's decision,' which prohibit the adoption of a magistrate's decision even in the absence of objections." *Id.* quoting Civ.R. 53(D)(4)(c). "[A]n appellate court will only reverse if it finds the trial court adopted the magistrate's decision when there was clear error of law or other

3

defect on its face." *Smith v. Treadwell*, 11th Dist. Lake No. 2009-L-150, 2010-Ohio-2682, ¶25.

{¶9} The face of the contract clearly shows the agreement was assigned to Auto Loan. However, the Magistrate found that Auto Loan was not an assignee as was intended by the drafter of R.C. 1925.02(A)(2)(a)(ii). On appeal, Auto Loan contends that the intent behind the general prohibition of assignee use of small claims court actions is to prevent collection agencies from using small claims court to bring such actions. However, there is no indication of this intent in the Ohio legislative history.

{¶10} "Unambiguous statutes are to be applied according to the plain meaning of the words used * * *." *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997). Black's Law Dictionary defines assignee as "[s]omeone to whom property rights or powers are transferred by another." ASSIGNEE, Black's Law Dictionary (11th ed. 2019). The drafters of R.C. 1925.02 could have limited the prohibition on assignments to, for example, assignments that occurred after the cause of action accrued. The statute includes no such limiting language but wholly excludes claims brought by assignees. The language of R.C. 1925.02(A)(2) unambiguously excludes assignees from the small claim court's jurisdiction. Courts must apply the plain meaning of statutes, without inserting or deleting words. *Burrows, supra.*

{¶11} Accordingly, we find the magistrate committed plain error by finding that Auto Loan was not an assignee. Ms. Sisler's first assignment of error has merit.

{¶12} Her second states:

{¶13} The Trial Court erred in finding that claims for interest that accrued prior to the filing of a Small Claim Action are not included in calculating the $6,000 jurisdictional limit under R.C. § 1925.02(A)(1).

4

Case No. 2021-P-0099

{¶14} Ms. Sisler's argument under this assigned error is that because the Municipal Court lacks subject-matter jurisdiction over cases seeking over $15,000 exclusive of post-judgment interest, the small claims court is likewise limited. Auto Loan asks us to give R.C. 1925.02(A)(1) it's plain meaning.

{¶15} R.C. 1901.17 governs the monetary limit of the Municipal Court and states, in pertinent part:

{¶16} A municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars * * *.

{¶17} Judgment may be rendered in excess of the jurisdictional amount, when the excess consists of interest, damages for the detention of personal property, or *costs accrued after the commencement of the action.* (Emphasis added.)

{¶18} Stated differently, the monetary limit for the Municipal Court is $15,000 including interest accrued *before* the commencement of the action. Ms. Sisler asks us to apply this standard to the small claims court. However, the statute governing the monetary limit of the small claims court, R.C. 1925.02, contains no such language. R.C. 1925.02(A)(1) states:

{¶19} Except as provided in division (A)(2) of this section, a small claims division established under section 1925.01 of the Revised Code has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding six thousand dollars, *exclusive of interest and costs.* (Emphasis added.)

{¶20} The drafters of R.C. 1925.02(A)(1) chose to remove the language regarding interest "accrued after the commencement of the action" and instead excluded all interest and costs. The language of R.C. 1925.02(A)(1) is clear and unambiguously excludes

5

interest. Since Auto Loan claimed less than the statutory limit, not including interest, the court did not lack subject-matter jurisdiction over the case.

{¶21} Accordingly, Ms. Sisler's second assignment of error is without merit.

{¶22} Her third states:

{¶23} The Trial Court erred in ruling that Appellant failed [to] state a claim for declaratory relief.

{¶24} "A declaratory judgment action is a civil action, and provides a remedy in addition to other legal and equitable remedies available. * * * It is well-settled that the trial court's decision to grant or deny declaratory relief will not be overturned on appeal absent a finding of abuse of discretion." (Citations omitted.) *Gotel v. Ganshiemer*, 11th Dist. Ashtabula No. 2008-A-0070, 2009-Ohio-5423, ¶10.

{¶25} "In order to properly plead a complaint seeking declaratory relief, the plaintiff must demonstrate that (1) the action is within the scope of the Declaratory Judgment Act; (2) a justiciable controversy exists between adverse parties; and (3) speedy relief is necessary to preserve rights that may otherwise be impaired. A complaint seeking declaratory relief under R.C. Chapter 2721 must be dismissed where it does not meet any of those requirements." (Citations omitted.) *Tabbaa v. Lexpro*, L.L.C., 8th Dist. Cuyahoga Nos. 109690 and 109691, 2020-Ohio-5514, ¶5.

{¶26} The Magistrate determined that while the municipal court has jurisdiction to enter declaratory judgments, "declaratory judgments are an improper method to determine if prior judgment has been properly adjudicated," that Auto Loan was not an assignee, which implies a finding that there is no justiciable controversy, and that Ms. Sisler did not show that speedy relief was necessary to preserve rights that may otherwise be impaired.

6

Case No. 2021-P-0099

**{¶27}** First, we note that the magistrate's determination that declaratory judgments are an improper method to determine if a prior judgment has been properly adjudicated is generally, but not universally, true. For example, the notes related to Civ.R. 60 state, "[t]he vacation of a void judgment might be brought in the form of a motion or perhaps in the form of a procedural device such as a declaratory judgment action." Civ.R. 60. See also *Old Meadow Farm Co. v. Petrowski*, 11th Dist. Geauga No. 2000-G-2265, 2001 WL 209066, fn. 3 (Mar.2, 2001) ("[A] party wishing to contest a court's jurisdiction should either file a simple motion to vacate, or in the alternative, file a declaratory judgment action.")

**{¶28}** This is precisely what Ms. Sisler is seeking in this case. Contrary to Auto Loan's contention, Ms. Sisler is not arguing the prior judgments are voidable; she is arguing they are already inherently void for lack of subject-matter jurisdiction.

**{¶29}** Auto Loan cites *Tabbaa, supra,* in support of their argument that declaratory judgment is inappropriate to collaterally attack the validity of the judgment. However, *Tabbaa* dealt with a collateral attack on the validity of a judgement of a different court. Here, Ms. Sisler is not collaterally attacking the validity of the judgment rendered by another court; instead, she argues that the prior judgments by the small claims court are void for lack of subject-matter jurisdiction.

**{¶30}** Moreover, as discussed under her first assignment of error, the Magistrate's determination that Auto Loan was not an assignee as contemplated by R.C. 1925.02, which served as a basis for denying Ms. Sisler's counterclaim, was erroneous. Accordingly, the court's implicit determination that there was no justiciable controversy between the parties was erroneous.

7

Case No. 2021-P-0099

{¶31} Finally, Ms. Sisler was also required to show that speedy relief was necessary to preserve rights that may otherwise be impaired. Ms. Sisler argues that she made a prima facie case for speedy relief by noting that Auto Loan's actions are habitual, persistent, vexatious, regularly filed, and that they are likely to continue these practices. However, allegations of future errors that may or may not involve her as a party do not show the need for speedy relief.

{¶32} Nevertheless, Ms. Sisler seeks relief from a judgment against her, and others like her, which she argues is void for lack of subject-matter jurisdiction. We conclude that seeking relief from a void judgment inherently shows the necessity of speedy relief because the person against whom the void judgment is entered is either subject to a judgment erroneously entered against them or risks the consequences of non-compliance with the judgment which has not yet been deemed void.

{¶33} Accordingly, because there was a justiciable controversy, and Ms. Sisler showed the necessity of speedy relief, we find her declaratory judgment was erroneously denied.

{¶34} Accordingly, Ms. Sisler's third assignment of error has merit.

{¶35} In light of the foregoing, the judgment of the Portage County Municipal Court, Kent Division, is affirmed in part, reversed in part, and remanded.


MATT LYNCH, J., concurs,

JOHN J. EKLUND, J., concurs in judgment only.


8