[Cite as *Diller v. Pennucci*, 2024-Ohio-1244.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### MERCER COUNTY

MARY ANN DILLER,                                    CASE NO. 10-23-07

     PLAINTIFF-APPELLEE

  v.

LINDA PENNUCCI, CO-EXECUTOR          O P I N I O N
OF THE ESTATE OF THEODORE C.
PENNO, DECEASED, ET AL.,

     DEFENDANTS-APPELLANTS.

Appeal from Mercer County Common Pleas Court
Probate Division
Trial Court No. 2019-1143A

Judgment Affirmed

Date of Decision:  April 1, 2024

APPEARANCES:

    *Dalton J. Smith* for Appellant Linda Pennucci and David Penno

    *Paul E. Howell* for Appellee, Mary Ann Diller

    *John R. Willamowski*, Jr. for Appellee, Phyllis Diller, Co-Executor of
    the Estate of Theodore C. Penno

**WALDICK, J.**

{¶1} Defendants-appellants, Linda Pennucci ("Linda"), and David Penno ("David"), bring this appeal from the July 31, 2023, declaratory judgment of the Mercer County Common Pleas Court, Probate Division, applying this Court's decision in *Diller v. Diller*, 3d Dist. No. 10-21-03, 2021-Ohio-4252, 182 N.E.3d 370, wherein we held the anti-lapse statute codified in R.C. 2107.52 does not apply in this matter. On appeal, Linda and David argue that while *Diller* was on appeal with the Supreme Court of Ohio the legislature amended R.C. 2107.52 and explicitly made the amendments retroactive. Linda and David contend that the trial court should have disregarded our decision in *Diller* and applied the revised statute to this case. Plaintiff-appellee, Mary Ann Diller ("Mary Ann"), and defendant-appellee, Phyllis Diller ("Phyllis"), counter by contending, *inter alia*, that the "law of the case doctrine" prevents this Court from applying the statutory revisions in R.C. 2107.52, particularly since the Supreme Court of Ohio dismissed Linda and David's appeal as having been improvidently accepted before the new statute went into effect. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} Theodore Penno ("Penno") died testate on May 15, 2019. Penno was never married and had no children. Penno's will was admitted to probate on August 27, 2019. Penno's will reads, in pertinent part:

**ITEM II.** I hereby give, devise and bequeath my farm located in Butler Township, Mercer County, Ohio, and any interest that I may have in any farm chattel property to my **brother, JOHN PENNO.**

**ITEM III.** All the rest, residue, and remainder of my property, real and personal, of every kind, nature, and description, wheresoever situated, which I may own or have the right to dispose of at the time of my decease, I give, devise, and bequeath equally to my **brother, JOHN PENNO** and my **sister, MARY ANN DILLER,** absolutely and in fee simple, share and share alike therein, per stirpes.

\* \* \*

**ITEM V.** I hereby appoint my **niece, LINDA PENNUCCI** and my **niece, PHYLLIS DILLER, or the survivor of them,** as Co-Executors of this my Last Will and Testament.

(Capitalization, boldface, and underlining sic.).

{¶3} The crucial undisputed fact leading to the instant case is that Penno was predeceased by his brother John in 2016. To be clear about Penno's relations, Penno had two siblings: a brother, John (deceased in 2016), and a sister, appellee Mary Ann. Penno's brother John had two children, appellants Linda and David, while Mary Ann had one daughter, appellee Phyllis.

{¶4} On October 23, 2019, Mary Ann filed a complaint for declaratory judgment and for construction of Penno's will. Mary Ann contended that she had an interest in the farmland and chattels Penno devised to John in "Item II" of the will because, she claimed, the devise lapsed when John died in 2016. Mary Ann argued that the lapsed devise should have been included in Penno's residual estate and distributed according to the residuary clause in Item III of the will. To support

her argument, Mary Ann contended that Ohio's anti-lapse statute, R.C. 2107.52(A)(3)(a), did not save the devise in "Item II" because it was a "primary devise" that did not fall within the specific, statutory definition of "devise" in that statute.

{¶5} The trial court disagreed with Mary Ann's assertions, determining that the devise in Item II did not lapse under Ohio's anti-lapse statute, R.C. 2107.52. Mary Ann appealed to this Court, arguing, *inter alia*, that the devise to John was a "primary devise," and because Ohio's anti-lapse statute codified at the time protected only an "alternative devise," a devise in the form of a class gift, and an exercise of "power of appointment," the anti-lapse statute did not apply.

{¶6} Ultimately, we agreed with Mary Ann and reversed the trial court's judgment. *Diller v. Diller*, 3d Dist. No. 10-21-03, 2021-Ohio-4252, 182 N.E.3d 370, ¶ 61. We determined that, although perhaps not the General Assembly's intention, the General Assembly had explicitly and restrictively defined "devise" in R.C. 2107.52(A)(3), and the definition of "devise" in the statute at the time of Penno's death did not include a "primary devise."[1] As the anti-lapse statute in effect at the time did not protect a "primary devise," we determined that Item II of Penno's will lapsed.

---

[1] In reaching our conclusion, the original *Diller* opinion analyzed, *inter alia*, the specific language used in the statute defining "devise," how the language adopted by the General Assembly compared to the Uniform Probate Code, and the general principles of statutory construction.

**{¶7}** David and Linda appealed our judgment to the Supreme Court of Ohio, challenging our determination that R.C. 2107.52's definition of devise did not include a primary devise. The Supreme Court of Ohio accepted the appeal.

**{¶8}** While the case was pending in the Supreme Court of Ohio, the General Assembly amended the definition of "devise" in R.C. 2107.52(A)(3)(a) to unequivocally "include[] a primary devise[.]" The amended statute went into effect April 3, 2023, and was explicitly retroactive, reading:

> Except as otherwise provided in this division, the amendment to division (A)(3)(a) of this section in this act shall be given retroactive effect to the fullest extent permitted under Ohio Constitution, Article II, Section 28. The amendment shall not be given retroactive effect in those instances where doing so would invalidate or supersede any instrument that conveys real property or any interest in the real property, recorded in the office of the county recorder in which that real property is situated.

R.C. 2107.52(A)(3)(b).

**{¶9}** The Supreme Court of Ohio discussed the amendments to R.C. 2107.52 with the parties during oral arguments while this case was initially on appeal. However, the Supreme Court of Ohio ultimately dismissed the appeal as having been improvidently accepted. Once the Supreme Court of Ohio dismissed Linda and David's appeal, the matter was returned to the trial court. The record reflects that the trial court then scheduled and held an attorney conference, but there is no indication as to what was discussed.

Case No. 10-23-07

{¶10} On July 31, 2023, the trial court filed a judgment entry reading as follows:

> In accordance with the finding of the Third Appellate District Court of Appeals of Ohio that the anti-lapse statute does not apply in this matter, the Court therefore finds that Item II of the Last Will and Testament of Theodore C. Penno Lapses. The estate of Theodore C. Penno shall be distributed pursuant to Item III of the will in that Mary Ann Diller shall receive one-half (1/2) of the residuary estate and Linda Pennucci and David Penno each shall receive one-fourth (1/4) of the residuary estate.

(Doc. No. 66). Linda and David now appeal the trial court's judgment, asserting the following assignment of error for our review.

**Assignment of Error**

**The Trial Court erred when it failed to apply the revisions to R.C. 2107.52 which became effective April 3, 2023, and determined that Ohio's Anti-Lapse statute does not apply to a primary devise.**

{¶11} Linda and David argue that the trial court erred by failing to apply the retroactive revisions to R.C. 2107.52 to this case, which would prevent Item II of Penno's will from lapsing. Appellees counter by contending, *inter alia*, that our determination in the original *Diller* appeal controls, and that even if we were to attempt to apply the statute, it is unconstitutionally retroactive as applied to Mary Ann because she had a vested interest in the farmland and farm chattels.

Analysis

{¶12} "[T]he law of the case is applicable to subsequent proceedings in the reviewing court as well as the trial court. Thus, the decision of an appellate court in

-6-

a prior appeal will ordinarily be followed in a later appeal in the same case and court." *Nolan v. Nolan*, 11 Ohio St.3d 1, 4, 462 N.E.2d 410 (1984). "A plain reading of *Nolan* indicates that the doctrine applies only to subsequent proceedings 'in the same case.'" *Reid v. Cleveland Police Dept.*, 151 Ohio St.3d 243, 2017-Ohio-7527, 87 N.E.3d 1231, ¶ 9

{¶13} "The law-of-the-case doctrine exists to promote the 'finality and efficiency of the judicial process by "protecting against the agitation of settled issues."'" *Reid* at ¶ 10, quoting 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1], p. 118 (1984)." The Supreme Court of Ohio "has long recognized that the law-of-the-case doctrine is necessary to 'ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.'" *Reid* at ¶ 10, quoting *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404, 659 N.E.2d 781 (1996).

{¶14} In the original *Diller* opinion, we determined that the version of R.C. 2107.52 in effect at the time of Penno's death caused Item II to lapse. Our judgment was rendered December 6, 2021.

{¶15} The Supreme Court of Ohio initially accepted jurisdiction over the matter, and held oral arguments. The oral arguments mentioned the statutory revisions the legislature made to R.C. 2107.52, adding "primary devise" to the definition of "devise." However, the Supreme Court of Ohio ultimately dismissed

Linda and David's appeal as having been improvidently accepted. The Supreme Court of Ohio did not reverse this Court's *Diller* decision, leaving it in-tact.

**{¶16}** When the case was returned to the trial court, the trial court followed our holding in *Diller*. Linda and David argue that the trial court erred because the revisions to R.C. 2107.52 were explicitly made retroactive. However, under *Nolan*, *supra*, our determination in *Diller* regarding the application of R.C. 2107.52 to these parties became the law of the case at the time our original judgment in *Diller* was released.

**{¶17}** Moreover, Linda and David argue that the trial court, and this Court, should apply the retroactive revisions to R.C. 2107.52.[2] Generally real estate passes by testate succession at the time of death. *Ohio Northern Univ. v. Ramga*, 3d Dist. Auglaize No. 2-88-1, 1990 WL 97651, *3; *Clark v. Beyoglides*, 2d Dist. No. 29222, 2021-Ohio-4588, 182 N.E.3d 1212, ¶ 34. Therefore, when Penno died, by operation of law, the real estate was transferred and Mary Ann had a vested interest in the farmland and farm chattels. All that remained was for a certificate of transfer to memorialize "what occurred with respect to a real estate title upon the decedent's death." *Hurton v. Boyer*, 11th Dist. Trumbull No. 2019-T-0086, 2020-Ohio-2790, ¶ 44.

---

[2] Linda and David failed to raise this argument in the trial court when the case was returned from the Supreme Court of Ohio.

{¶18} We are aware that this case will unfortunately be an outlier and perhaps the only case where the anti-lapse statute does not protect the devise herein because this case was adjudicated under the old statutory language before the retroactive change in the new statute went into effect. However, as we discussed in the prior *Diller* decision, we interpreted R.C. 2107.52 as it existed at the time and it was the General Assembly's prerogative to reform the language to reflect its intent. *Diller* at ¶ 58. We are constrained to follow the law just as the trial court was constrained by our prior opinion.

{¶19} In sum, the law of the case doctrine prevents re-litigation of the issue raised by Linda and David. For these reasons, Linda and David's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Conclusion*

{¶20} Having found no error prejudicial to Linda and David in the particulars assigned and argued, the judgment of the Mercer County Common Pleas Court, Probate Division, is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**