[Cite as *Auto Loan, Inc. v. Sisler*, 2025-Ohio-606.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
### PORTAGE COUNTY

AUTO LOAN, INC.,

      Plaintiff-Appellee,

- vs -

SARAH R. SISLER,

      Defendant-Appellant.

**CASE NO. 2024-P-0043**

Civil Appeal from the
Municipal Court, Kent Division

Trial Court No. 2020 CVF 01082 K

---

# O P I N I O N

Decided: February 24, 2025
Judgment: Affirmed

---

*Tracee D. Hilton-Rorar*, 3732 Fishcreek Road, Suite 205, Stow, OH 44224; *Sidney N. Freeman*, Arnold Gruber, LTD, 12370 Cleveland Avenue, N.W., P.O. Box 867, Uniontown, OH 44685 (For Plaintiff-Appellee).

*Ronald I. Frederick* and *Michael L. Berler*, Frederick & Berler LLC, 767 East 185th Street, Cleveland, OH 44119; *Jason M. Rebraca*, Johnson & Johnson Law Firm, 12 West Main Street, Canfield, OH 44406 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}　Defendant-appellant, Sarah R. Sisler, appeals the decision of the Portage County Municipal Court, Kent Division, dismissing the case.　For the following reasons, we affirm the decision of the court below.

{¶2}　On September 24, 2020, Tina Molyneaux filed a Small Claim Complaint on behalf of plaintiff-appellee, Auto Loan, Inc. against Sisler.　The claim was for "the sum of $4,256.63 plus interest at the rate of 18.75% from May 6, 2006, plus court costs as a result of a breach of [a] Retail Installment Contract and Security Agreement."

{¶3} On November 12, 2020, Sisler filed an Answer with Affirmative Defenses and Counterclaim and a Motion to Transfer to the General Division of the Municipal Court on the grounds that "the amount of her Counterclaim exceeds, in the aggregate, the jurisdictional limits of the Small Claims Division."

{¶4} On November 16, 2020, the Motion to Transfer was granted.

{¶5} On February 5, 2021, Sisler filed a First Amended Class Action Counterclaim. Sisler alleged that Auto Loan engaged in the following wrongful acts and sought relief under R.C. 2721.02 and .03:

> 59. … Auto Loan filed its case against Ms. Sisler in the Small Claims Division of this Court despite (a) being an assignee of rights in violation of R.C. § 1925.02(A)(2)(ii) and (b) seeking an amount in excess of the $6,000 monetary jurisdiction of the Small Claims Division (R.C. § 1925.02(A)(1)).

> 60. Likewise, Auto Loan regularly files cases against its customers in the Small Claims Division of this Court despite (a) being an assignee of rights in violation of R.C. § 1925.02(A)(2)(ii) and/or (b) seeking an amount in excess of the then-applicable monetary jurisdiction of the Small Claims Division (R.C. § 1925.02(A)(1)).

> 61. Auto Loan was on both constructive and actual notice that this conduct is violative of the law.

> 62. As a result, the Small Claims Division did not have jurisdiction to hear Auto Loan's claims in these cases at the time of filing.

> 63. Judgments rendered in these cases are void *ab initio*.

> 64. Moreover, despite being a corporate entity, Auto Loan filed its complaint without retaining legal counsel, which is permitted when filing [a] proper small claims action, but improper for an action that needs to be filed in the general Civil Division.

> …

> 69. Therefore, Ms. Sisler applies to this Court for further relief to be determined at trial, including as follows:

2

Case No. 2024-P-0043

• An order declaring that all cases that Auto Loan has filed in the Small Claims division as an assignee are void.

• Injunctive relief enjoining and barring Auto Loan from collecting upon any of the subject judgments resulting from these improper filings.

• An order of restitution of funds unlawful[ly] detained in the custody and control of Auto Loan in connection with these void judgments.

• An order awarding costs and attorney's fees.

{¶6} On July 2, 2021, a magistrate determined that the municipal court did not have the authority to grant the declaratory relief sought by Sisler and that dismissal of the class action counterclaim was appropriate:

> The Counterclaim seeks only injunctive relief through declaratory judgment on behalf of the putative class: No other prayer for relief is made.
>
> In seeking declaratory relief the Counterclaimant's pleading must demonstrate the following: (1) The action is within the scope of the Declaratory Judgment Act; (2) A justiciable controversary exists between adverse parties; and, (3) Speedy relief is necessary to preserve rights which could otherwise be impaired. Each of the prior requirements is necessary to maintain an action for declaratory relief. Sisler's Counterclaim for declaratory relief fails to meet the foregoing requirements.
>
> The Class Action Counterclaim is outside the scope of the Declaratory Judgment Act, and no need for speedy relief has been sufficiently demonstrated in the pleadings.
>
> A municipal court has authority to enter declaratory judgments based on ORC §2721.02(A) which provides "… courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." As the municipal court is a court of record, it has jurisdiction to enter declaratory judgments.
>
> …
>
> This Court has jurisdiction to determine and enforce all legal and equitable rights regarding a contract and determine all legal and equitable remedies regarding the contracting parties' rights.

3

Case No. 2024-P-0043

Counterclaimant asserts its putative class as being all Defendants against whom Auto Loan filed a complaint in the Small Claims division of the Municipal Court to collect an alleged debt it acquired by way of assignment OR in which it sought an amount in excess of the Small Claims Division's monetary jurisdiction.

…

In its assertion of wrongful conduct towards Defendant Sisler, (and the putative class or portion thereof), Counterclaimant alleges pursuant to ORC §1925.02(A)(2)(ii) the small claims division does not have jurisdiction to hear claims brought by an assignee. Counterclaimant is correct: A claim which has been assigned may be brought in the small claims division.

The claim brought by Plaintiff has not been assigned. Plaintiff is the original claimant seeking judgment of monetary damages for an alleged breach of contract for failure to pay. No claim had arisen at the time rights were assigned from Crown Ford Lincoln Mercury, Inc. to Auto Loan. Assignment to Auto Loan of the rights under the contract occurred on the date and at the time the contract was made. Further, Auto Loan appears on the face of the two-sided single page contract.

Plaintiff's claim arose after it received rights by assignment. Auto Loan is the original claimant. The Magistrate finds Plaintiff is not an assignee as contemplated by ORC §1925.02(A)([2])(ii).

Counterclaimant alleges Plaintiff regularly files actions as Small Claims seeking amounts in excess of the applicable monetary jurisdictional limit of the Small Claims Division. The Magistrate's familiarity with actions brought by Plaintiff renders the assertion not a question of fact.

The Magistrate is acutely aware of the amounts claimed in Auto Loan cases. The Magistrate has heard numerous Auto Loan cases.

As Ms. Sisler points out in her Counterclaim, ORC §1901.17 permits judgment in excess of the jurisdictional amount when the excess consists of _interest_, damages for the detention of personal property, or costs accrued after commencement of the action: Said principle is applicable to the Small Claims Division monetary jurisdictional limit.

4

Case No. 2024-P-0043

> The Magistrate finds Plaintiff does not file small claims actions violating the monetary jurisdictional limit.
>
> Defendant's First Amended Class Action Counterclaim is dismissed on the Magistrate's foregoing findings pursuant to Civ.R. 12(B)(6).

{¶7} The municipal court subsequently adopted the magistrate's recommendation over Sisler's objections, and Sisler appealed to this Court.

{¶8} On September 19, 2022, this Court affirmed in part and reversed in part the judgment of the municipal court in *Auto Loan, Inc. v. Sisler*, 2022-Ohio-3282 (11th Dist.). With respect to Auto Loan's status as an assignee as contemplated by R.C. 1925.02, this Court held that "the magistrate committed plain error by finding that Auto Loan was not an assignee." *Id.* at ¶ 11. "The face of the contract clearly shows the agreement was assigned to Auto Loan." *Id.* at ¶ 9.

{¶9} This Court also held that, "because there was a justiciable controversy, and Ms. Sisler showed the necessity of speedy relief, … her declaratory judgment was erroneously denied." *Id.* at ¶ 33. This Court noted "that the magistrate's determination that declaratory judgments are an improper method to determine if a prior judgment has been properly adjudicated is generally, but not universally, true." *Id.* at ¶ 27. The authority relied on by Auto Loan "dealt with a collateral attack on the validity of a judgment of a different court." *Id.* at ¶ 29. "Here, Ms. Sisler is not collaterally attacking the validity of the judgment rendered by another court; instead she argues that the prior judgments by the small claims court are void for lack of subject-matter jurisdiction." *Id.* Finally, this Court concluded "that seeking relief from a void judgment inherently shows the necessity of speedy relief because the person against whom the void judgment is entered is either

5

subject to a judgment erroneously entered against them or risks the consequences of non-compliance with the judgment which has not yet been deemed void." *Id.* at ¶ 32.

{¶10} On remand, Auto Loan again moved to dismiss the First Amended Class Action Counterclaim and moved for sanctions pursuant to Civil Rule 11 and/or R.C. 2323.51. Sisler countermotioned for sanctions.

{¶11} On August 8, 2023, a magistrate determined that the municipal court was wholly without subject-matter jurisdiction since the inception of the case in the small claims division. All pending motions, including the motions for sanctions, were "denied and/or dismissed." Both parties filed objections.

{¶12} On June 11, 2024, the municipal court ordered the case dismissed:

> The Court finds as follows: The Small Claims Complaint was filed by an officer of Auto Loan, Inc. Pursuant to ORC 1925.17, an officer of a corporation may file a Complaint in Small Claims, but cannot act as an attorney.
>
> The 11th District Court of Appeals determined the plaintiff is an assignee; an assignee is prohibited from filing in Small Claims Court. The Complaint in this case was filed by Tina Molyneaux, a non-attorney officer/representative of Plaintiff, Auto Loan, Inc.
>
> The Court finds that jurisdiction cannot be conferred by transfer of this case to the regular division of the Municipal Court from the Small Claims division. Since Plaintiff is an assignee, the Small Claims Court has no jurisdiction to hear Plaintiff's Complaint. Therefore, the Court has no jurisdiction to transfer the case to the regular docket.
>
> …
>
> However, even if the Small Claims division had jurisdiction to transfer the matter, the case would still have to be dismissed as the Complaint was filed by a non-attorney.

{¶13} On July 10, 2024, Sisler filed a Notice of Appeal. On appeal, she raises the following assignments of error:

6

Case No. 2024-P-0043

[1.] The lower court erred in dismissing the First Amended Counterclaim for lack of subject matter jurisdiction.

[2.] The lower court erred in dismissing Sisler's Motion for Sanctions.

{¶14} The primary question raised in the present appeal is whether the small claims division of the Portage Municipal Court had jurisdiction to validly transfer the case to the general division of the same court. "Whether a trial court had subject-matter jurisdiction is a question of law that [courts of appeal] review de novo." *Smith v. Ohio State Univ.*, 2024-Ohio-764, ¶ 11.

{¶15} "Jurisdiction," in the context of subject matter jurisdiction, "means 'the courts' statutory or constitutional power to adjudicate the case.'" (Citations omitted.) *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11. "It is a 'condition precedent to the court's ability to hear the case,'" and, "[i]f a court acts without jurisdiction, then any proclamation by that court is void." (Citations omitted.) *Id.* "For in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss." *Id.* at ¶ 21; *also* Civ.R. 12(H)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action").

{¶16} "Municipal courts are created by statute, R.C. 1901.01, and their subject-matter jurisdiction is also set by statute." *State v. Mbodji*, 2011-Ohio-2880, ¶ 11; *Cheap Escape Co., Inc. v. Haddox, LLC*, 2008-Ohio-6323, ¶ 7. "As a statutorily created court, Ohio municipal courts can exercise only such powers as statutes confer upon them." *Cheap Escape Co., Inc. v. Haddox, LLC*, 2007-Ohio-4410, ¶ 13 (10th Dist.).

{¶17} Similarly, the small claims division of a municipal court is statutorily created, R.C. 1925.01(A), and its subject-matter jurisdiction is also set by statute. *Germadnik v.*

7

*Auld*, 2018-Ohio-2889, ¶ 19 (11th Dist.) ("[t]he small claims divisions of municipal and county courts have limited subject-matter jurisdiction"); *Watkins v. Alwishah*, 2021-Ohio-3589, ¶ 34 (7th Dist.) ("[s]mall claims courts … have limited civil jurisdiction").

{¶18} "[A] small claims division established under section 1925.01 of the Revised Code has jurisdiction in civil actions for the recovery of taxes and money only, for amounts not exceeding six thousand dollars, exclusive of interest and costs."  R.C. 1925.02(A)(1). The following classes of cases, however, have been excluded from its jurisdiction:

> A small claims division does not have jurisdiction in any of the following:
>
> > (i) Libel, slander, replevin, malicious prosecution, and abuse of process actions;
> >
> > (ii) Actions on any claim brought by an assignee or agent, except a claim to recover taxes that is filed by any authorized employee of a political subdivision or any authorized officer or employee of the state or a claim filed by a person designated under section 1925.18 of the Revised Code to act as the representative of a prosecuting attorney;
> >
> > (iii) Actions for the recovery of punitive or exemplary damages.

R.C. 1925.02(A)(2)(a).

{¶19} The classes of cases identified in R.C. 1925.02(A)(2)(a) have been treated as limitations on the subject-matter jurisdiction of a small claims division. *Cleveland Bar Assn. v. Pearlman*, 2005-Ohio-4107, ¶ 15, citing R.C. 1925.02(A)(2)(a)(i) and (iii) (the small claims division has "no subject-matter jurisdiction over claims for libel, slander, replevin, malicious prosecution, or abuse of process" and "[c]laims for punitive damages, exemplary damages, and prejudgment attachment are not permitted").  Accordingly, when the types of actions defined in R.C. 1925.02(A)(2)(a) are raised in the small claims division, they must be dismissed.  *Mustafa v. Al-Bayer*, 2020-Ohio-1315, ¶ 17 (12th Dist.) ("a small claims court does not have jurisdiction to hear such claims [for libel, infliction of

8

Case No. 2024-P-0043

emotional distress, and perjury], even ones within the monetary jurisdiction of the small claims court," and "when filed in a small claims court, [such claims] can only be dismissed and can neither be transferred nor certified"); *Basinger v. York*, 2012-Ohio-2017, ¶ 8 (4th Dist.) ("because York filed a counterclaim for replevin, the trial court should have dismissed this action pursuant to Civ.R. 12(H)(3)"); *Freeman v. Todd Deegan Mgmt. Inc.*, 2019-Ohio-1530, ¶ 19 (8th Dist.) ("[u]nder R.C. 1925.02, a small claims court has no jurisdiction to hear Freeman's claim of perjury").

{¶20} Particularly noteworthy is *Lin v. Reid*, 11 Ohio App.3d 232 (10th Dist.), in which a counterclaim for libel and slander was filed in the small claims division seeking damages in excess of the jurisdictional limit of the municipal court. The matter was certified to the court of common pleas in which a judgment was awarded on the counterclaim. The court of appeals ruled that the judgment should be vacated and that the transfer to the common pleas court was improper: "The counterclaim, sounding in libel and slander, was filed in a division of the court totally without jurisdiction. Thus, no libel or slander action, even within the monetary limits of the small claims division, could lawfully be heard there. … To the extent, therefore, that the small claims division of the municipal court could not properly certify a matter to a court with jurisdiction because of its own lack of jurisdiction, the action as to the libel and slander had to be commenced in a court that has the jurisdiction to hear that type of action." *Id.* at 235-236. *Lin* was subsequently cited by the Supreme Court of Ohio in a case holding that a municipal court must dismiss an action filed in excess of its monetary jurisdiction:

> In *Lin v. Reid* (1983), 11 Ohio App.3d 232, 11 OBR 356, 464 N.E.2d 189, the Court of Appeals for Franklin County observed that a municipal court could not rely on Civ.R. 13(J) to certify a complaint based on libel or slander since municipal courts have no subject matter jurisdiction over these actions. According to that court, such

9

a complaint could only be dismissed. While the *Lin* court might have distinguished this case as involving monetary, as opposed to subject matter, jurisdiction, we do not believe a distinction is warranted. Rather, because the monetary restrictions in R.C. 1901.17 limit the municipal court's subject matter jurisdiction, *Behrle v. Beam* (1983), 6 Ohio St.3d 41, 6 OBR 61, 451 N.E.2d 237, we hold that dismissal is also required when an initial pleading seeks relief beyond this statutory authority.

*State ex rel. Natl. Emp. Benefit Servs., Inc. v. Court of Common Pleas of Cuyahoga Cty.*, 49 Ohio St.3d 49, 50 (1990).

{¶21} Because Auto Loan's original Complaint was outside of the subject-matter jurisdiction of the small claims division, the municipal court correctly concluded that the small claims division lacked the authority to transfer the case to the general division or any other court for that matter. Rather, the case should have been dismissed upon filing. Civ.R. 12(H)(3).

{¶22} Sisler argues that, "while a judgment rendered by the small claims division in a case where it has no jurisdiction is void *ab initio*, the small claims division can avoid the jurisdictional defect by transferring the case prior to any substantive action to the general division," as was done here. Brief of Appellant at 17. We disagree, finding Sisler's position suggesting that a lack of subject matter jurisdiction may be cured by transfer to a court of competent jurisdiction to be contrary to the foregoing authority.

{¶23} For support, Sisler relies on R.C. 1925.10(A) which provides: "A civil action that is duly entered on the docket of the small claims division shall be transferred to the regular docket of the court upon the motion of the court made at any stage of the civil action or by the filing of a counterclaim or cross-claim for more than six thousand dollars." Sisler interprets this provision to mean: "When a case is improperly filed in the small claims division, R.C. 1925.10(A) allows the municipal court to order its transfer to its

10

Case No. 2024-P-0043

general division if jurisdiction would be proper there." Brief of Appellant at 16. Again, we disagree. We are aware of no case in which R.C. 1925.10(A) has been applied where the initial filing in the small claims division was in violation of R.C. 1925.02(A)(2)(a). Rather, the cases relied upon by Sisler typically involve issues regarding monetary jurisdiction.

{¶24} Sisler maintains the Supreme Court of Ohio sanctioned such a transfer in *State ex rel. State Farm Mut. Ins. Co. v. O'Donnell*, 2021-Ohio-1205. In *State Farm*, the plaintiff filed a complaint in the small claims division against State Farm and another defendant seeking $6,000 from each defendant, plus interest and costs. "On State Farm's motion, Judge Coletta transferred the case from the small-claims division to the municipal court's regular docket under R.C. 1925.10." *Id.* at ¶ 2. The case was subsequently transferred to common pleas court based on the plaintiff's contention "that her claim exceeded $15,000 and therefore was beyond the [municipal] court's jurisdictional limit." *Id.* at ¶ 3. State Farm filed an original action seeking writs of mandamus to have the case returned to the municipal court and thereupon dismissed for want of subject matter jurisdiction. *Id.* at ¶ 5. Relying on its decision in *Natl. Emp. Benefit Servs.*, the Supreme Court granted the writ ordering the return of the case to the municipal court: the plaintiff's assertion that her claim exceeded the municipal court's $15,000 jurisdictional limit did not establish a valid basis for transferring the case to common pleas court. *Id.* at ¶ 12. However, the court did not issue a writ for the municipal court to dismiss the case because plaintiff never modified her original demand: "absent an amended or supplemental complaint in which [the plaintiff] increased her demand to an amount exceeding $15,000, we cannot say that jurisdiction is patently and unambiguously lacking in the municipal court." *Id.* at ¶ 14. Presumably, if the plaintiff had amended the original

11

complaint to seek an amount in excess of $15,000, a writ ordering dismissal would have been issued. *State Farm* is a peculiar case inasmuch as the plaintiff's mere assertion that her claim was in excess of $15,000 was sufficient to prevent transfer but insufficient to merit dismissal. In any event, *State Farm* hardly stands for the proposition that recourse to R.C. 1925.10 may be had to cure defects in a court's subject matter jurisdiction.

**{¶25}** In *Klasa v. Rogers*, 2004-Ohio-4490 (8th Dist.), also cited by Sisler, the court of appeals upheld a transfer from the small claims division to the general division pursuant to R.C. 1925.10 "upon Klasa's amendment of her damages to $10,000." *Id.* at ¶ 40. Significantly, there is no indication that the complaint originally filed in the small claims division exceeded the jurisdictional amount. *Id.* at ¶ 2 ("[t]he case was originally scheduled on the small claims docket; however, after Klasa amended her damages claim to $10,000, the case was transferred to the municipal court's regular civil docket").

**{¶26}** Sisler cites *Basinger*, 2012-Ohio-2017 (4th Dist.), for the proposition that, "[g]enerally, when subject-matter jurisdiction is lacking, a trial court may not transfer a case to the appropriate court," but "rules or statutes may provide for transfer in certain circumstances." *Id.* at ¶ 11. As an example, *Basinger* notes that Civil Rule 13(J) "permits a municipal court to transfer a case by certifying it to the common pleas court if a counterclaim, cross-claim or third-party complaint exceeds the court's jurisdiction[.]" (Citation omitted.) *Id.* However, "when a counterclaim falls outside the jurisdiction of the small claims court, R.C. 1925.10 provides for transfer only when that counterclaim exceeds the court's monetary jurisdiction." *Id.*

**{¶27}** Finally, Sisler argues that the municipal court's jurisdiction (at least over her counterclaim) is the law of the case as established by this Court in the prior appeal: "The

12

law of the case as mandated by this Court is: (1) Auto Loan is an assignee under R.C. 1925.02; (2) a small claims division does not have jurisdiction over an assignee's claim; (3) a declaratory judgment action filed in the municipal court is a proper vehicle for declaring the respective rights of the parties; (4) a justiciable controversy existed between the parties and the alleged resulting injury was so significant that speedy relief was necessary." Brief of Appellant at 13.

{¶28} Contrary to Sisler's position, this Court did not establish the municipal court's jurisdiction to hear the declaratory judgment action as the law of the case. In the prior appeal, this Court found "the magistrate committed plain error by finding that Auto Loan was not an assignee." *Auto Loan*, 2022-Ohio-3282, at ¶ 11 (11th Dist.). We further held that, "because there was a justiciable controversy, and Ms. Sisler showed the necessity of speedy relief, we find her declaratory judgment was erroneously denied." *Id.* at ¶ 33. Stated otherwise, we found that the lower court's stated reasons for dismissing the counterclaim were erroneous. This Court recognized that "[t]he magistrate determined that … the municipal court has jurisdiction to enter declaratory judgments," but that this jurisdiction could not be properly exercised on account of reasons ultimately determined to be erroneous. *Id.* at ¶ 26. Furthermore, apart from deciding that Auto Loan was an assignee, that a justiciable controversy existed between the parties, and that the necessity of speedy relief had been demonstrated, the case was remanded without explicit instructions as to how the municipal court should proceed. Nothing done by the municipal court on remand contradicts this Court's holdings with respect to Auto Loan's status as an assignee, the existence of a justiciable controversy, or the necessity for speedy relief.

13

Case No. 2024-P-0043

{¶29} Subsequent to the filing of the present appeal, R.C. 1925.02 was amended as part of Senate Bill Number 237, signed into law on January 8, 2025, with an effective date of April 9, 2025. As amended, the statute provides that the exclusion of "[a]ctions on any claim brought by an assignee … does not exclude … [t]he filing or defense of an action by the holder of a security agreement or retail installment contract, purchased by the holder for the holder's portfolio of investments, provided that the holder is not an assignee for the purpose of collection." Amended R.C. 1925.02(A)(2)(b)(ii). An added section to the statute provides: "It is the intent of the general assembly in enacting division (A)(2)(b)(ii) of this section to clarify that the filing of such an action in a small claims division established under section 1925.01 of the Revised Code was not prohibited prior to the effective date of this amendment, and is not prohibited, provided the holder is not an assignee for the purpose of collection." Amended R.C. 1925.02(D). It is suggested that these amendments establish, contrary to this Court's decision in *Auto Loan*, that the assignment of the installment contract to Auto Loan prior to default did not prohibit Auto Loan from filing in the small claims division inasmuch as Auto Loan was not an assignee "for the purpose of collection."

{¶30} The Ohio Supreme Court applies a two-part analysis to determine whether an amended statute applies retroactively. "The first part examines whether the General Assembly intended for the statute to apply retroactively." *Roe v. Planned Parenthood Southwest Ohio Region*, 2009-Ohio-2973, ¶ 33. "If so, the second part requires that we determine whether the amendments are substantive, a status that would render them unconstitutionally retroactive, or merely remedial." *Id.* A substantive law is one that "impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." (Citation omitted.) *Id.*

14

at ¶ 34.  "Procedural or remedial law prescribes methods of enforcement of rights or obtaining redress."  *Id.*

**{¶31}**  Auto Loan maintains that the General Assembly expressed its intent that the amendments be applied retroactively by stating that the amendments clarify that an assignee of a claim always meant an assignee for the purpose of collection.  It is further asserted that "legislation that merely clarifies or defines existing law is considered remedial rather than substantive."  *E.g., Scott v. Spearman*, 115 Ohio App.3d 52, 56 (5th Dist.) ("we find the changes not to be substantive in nature because the statute defined the term 'next of kin' and expanded it to a surviving spouse").

**{¶32}**  Sisler counters that the amendments do not apply in the present case on the grounds that the statute "**does not** contain explicit language seeking retroactive application and because *it seeks to create a substantive right for assignees to sue in small claims court, while extinguishing the right of debtors not to be sued in such a forum*."  *See* R.C. 1.48 ("[a] statute is presumed to be prospective in its operation unless expressly made retrospective"); *State v. Consilio*, 2007-Ohio-4163, paragraph one of the syllabus ("[a] statute must clearly proclaim its own retroactivity to overcome the presumption of prospective application").

**{¶33}**  We agree that the amendments to R.C. 1925.02 do not apply to the present case based on the following considerations.  Primarily, we note that the amendments are not effective until April 9, 2025, and so have no current application.  Next, under the law-of-the-case doctrine, "the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court."  *Nolan v. Nolan*, 11 Ohio St.3d 1, 4 (1984).  Moreover, "the law of the case is applicable to subsequent proceedings in the reviewing court as well as the trial court."  *Id.*; *Reid v. Cleveland Police Dept.*, 2017-Ohio-

15

7527, ¶ 9 ("[a] plain reading of *Nolan* indicates that the doctrine applies only to subsequent proceedings 'in the same case'").  The doctrine has been held to apply even when a statutory amendment is made explicitly retroactive.  *Diller v. Pennucci*, 2024-Ohio-1244, ¶ 16 (3d Dist.).  Accordingly, for the purpose of the present litigation, Auto Loan's status as an assignee excluded it from filing suit against Sisler in the small claims division of the municipal court.

**{¶34}**  The first assignment of error is without merit.

**{¶35}**  In the second assignment of error, Sisler argues that the municipal court erred in denying her motion for sanctions.  Given the resolution of the first assignment, i.e., affirming the determination that the small claims court lacked jurisdiction even to transfer the case to the general division, the second assignment of error is also without merit.

**{¶36}**  For the forgoing reasons, the decision of the Portage County Municipal Court, Kent Division, is affirmed.  Costs to be taxed against the appellant.


ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-P-0043